1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  PETER A. KRAUSE, State Bar No. 185098
   Supervising Deputy Attorney General
3  GEORGE WATERS, State Bar No. 88295
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 323-8050
6   Fax: (916) 324-8835
    E-mail: George.Waters@doj.ca.gov
7  *Attorneys for Defendant Edmund G. Brown Jr.,
    Governor of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES GRINOLS, ETC., ETC.,** | 12-CV-02997-MCE-DAD |
| Plaintiff, | **OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | Date: January 3, 2013<br>Time: 2:00 p.m. |
| **ELECTORAL COLLEGE, ETC.,** | Courtroom: 7<br>Judge: The Honorable Morrison C. England, Jr. |
| Defendant. | Trial Date: N/A<br>Action Filed: December 13, 2012 |

**I.  INTRODUCTION**

This opposition to plaintiffs' Motion for Temporary Restraining Order is filed by Defendant Edmund G. Brown Jr., Governor of California.

Plaintiffs' motion is defective for many reasons, among them the fact that Defendant was not served with the summons and complaint and was not notified of the TRO hearing.[1] In the

---

[1] The summons and complaint directed to the Governor was FedExed to the Attorney General. Dkt. 7. Under state law, the Attorney General is not the agent for service of process on the Governor. The "notice" of the TRO hearing – a one-page ECF email containing the Court's AMENDED MINUTE ORDER – was faxed to both the Governor's office and the Attorney General's office with no caption and nothing to suggest that it was a legal notice. See Exh. C to this opposition. The only reason Defendant is aware of the TRO hearing is that the undersigned
(continued…)

1

Opposition To Motion For Temporary Restraining Order (12-CV-02997)

event that process eventually is served on Defendant, he will assert many defenses, among them lack of standing, failure to state a claim, and mootness.

This opposition will address only one practical reason to deny the TRO as to this defendant: This case is moot. The only relief sought against the Governor is an order that he (a) not execute the Certificate of Ascertainment for California's electors of President and Vice President chosen at the 2012 general election, and (b) not forward California's Certificate of Vote for the same offices to Congress. Dkt. # 12-1, pp. 32-33. Both documents were executed and forwarded earlier this month. The relief sought by plaintiffs is no longer possible.

## II. SUMMARY OF COMPLAINT/TRO MOTION

On a quick reading, the plaintiffs' complaint and TRO motion seek orders directed to the California Governor and Secretary of State, the Electoral College, the President of the United States Senate, and the United States Congress, to prevent President Barack Obama from serving his second term as President of the United States. Dkt. #2, pp. 28-30 (Petition); Dkt. #12-1, pp. 32-35 (TRO Motion). Plaintiffs aver that this Court and all defendants will be guilty of treason if President Obama is allowed to serve his second term. Dkt. #12, p. 26.

## III. STANDARD FOR ISSUING A TEMPORARY RESTRAINING ORDER

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), quoting 11A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2948, pp. 129–130 (2d ed. 1995) (emphasis added by Supreme Court). "The 'clear showing' requirement is particularly strong when a party seeks a TRO." *Id.* A plaintiff seeking a temporary restraining order must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

---

(…continued)
counsel looked this case up on PACER. This brief is filed as a courtesy to make the Court aware of facts which render moot the relief sought in this case.

Plaintiffs have not met their burden on any of the required criteria. This opposition will argue only that the first criterion has not been met – Plaintiffs cannot succeed on the merits because the case is moot as to defendant Governor.

**IV. THE TRO MOTION IS MOOT AS TO THE GOVERNOR**

Plaintiffs' TRO motion is moot because both events it seeks to restrain have already occurred.

The TRO motion seeks an order that Defendant not execute the Certificate of Ascertainment for California's electors of President and Vice President chosen at the 2012 general election, and not forward California's Certificate of Vote for the same offices to Congress. Dkt. # 12-1, pp. 32-33. California's Certificate of Ascertainment was executed on December 15, 2012. Exh. A to this Opposition. California's Certificate of Vote was executed on December 17, 2012. Exh. B to this Opposition. Both certificates were promptly forwarded to the President of the United States Senate, the Archivist of the United States, and other officials as required by law.[2] Consequently, this Court cannot give plaintiffs the relief they seek. *See Headwaters, Inc. v. Bureau of Land Management*, 893 F.2d 1012 (9th Cir. 1989) (where trees have already been logged, action to enjoin their logging is moot).

///

///

///

---

[2] See 3 U.S.C. § 6 (Certificate of Ascertainment), §§ 8-11 (Certificate of Vote). California's Certificate of Ascertainment is posted on the Archivist of the United States' website at http://www.archives.gov/federal-register/electoral-college/2012/certificates-of-ascertainment.html. California's Certificate of Vote is posted on the Archivist of the United States' website at http://www.archives.gov/federal-register/electoral-college/2012/certificates-of-vote.html. Defendant requests that the Court take judicial notice of these documents, whose authenticity is unquestionable. Fed. Rule Evid. 201(b).

## V. CONCLUSION

Plaintiffs' motion for a temporary restraining order should be denied because the relief sought is moot as to Defendant Governor. The complaint should be dismissed for the same reason.

Dated: December 26, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PETER A. KRAUSE
Supervising Deputy Attorney General

*/s/ George Waters*

GEORGE WATERS
Deputy Attorney General
*Attorneys for Defendant Edmund G. Brown Jr., Governor of California*

SA2012109089
11012082.doc