BENJAMIN B. WAGNER
United States Attorney
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2821
Facsimile: (916) 554-2900
Email: edward.olsen@usdoj.gov

Attorneys for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRINOLS, ROBERT ODDEN, in their capacity as Presidential Electors; EDWARD C. NOONAN, THOMAS GREGORY MACLERAN, KEITH JUDD, in their capacity as candidates for the U.S. President in 2012,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTORAL COLLEGE, PRESIDENT OF THE SENATE, GOVERNOR OF CALIFORNIA, SECRETARY OF STATE OF CALIFORNIA, U.S. CONGRESS, BARACK HUSSEIN OBAMA, AKA BARACK (BARRY) SOETORO, AKA BARACK OBAMA SOEBARKAH, in his capacity as a Candidate for the U.S. President in 2012,<br><br>Defendants. | CASE NO. 2:12-CV-02997-MCE-DAD<br><br>**DEFENDANTS' *EX PARTE* MOTION TO EXTEND THE TIME FOR RESPONDING TO PLAINTIFFS' SUBPOENAS** |

## I. INTRODUCTION

Plaintiffs – one of whom is currently serving a 210-month sentence for extortion at the Federal Correctional Institution in Texarkana, Texas – filed an action on December 13, 2012, seeking a declaration that President Barack Obama is ineligible for the presidency under Article II, section 1 of the United States Constitution, which provides: "No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President." Plaintiffs contend that, despite the fact that the President has produced a birth certificate from the State of Hawaii, he was actually born in Kenya and is a citizen of Indonesia, thus making him ineligible to be President. *See* Declaratory and Injunctive Relief Petition for Extraordinary Emergency Writ of Mandamus ("Petition") at 10. President). The Petition lists Barack Obama in his capacity as "Candidate for the U.S. President in 2012," the Electoral College, the Congress, the Vice President of the United States in his capacity as President of the Senate, the Governor of California, and the California Secretary of State, as defendants.

Plaintiffs filed a motion for a temporary restraining order on December 20, 2012, apparently seeking to enjoin the remaining portion of the Presidential election process provided for in the Twelfth Amendment – the counting of electoral votes at the joint session of the Senate and the House of Representatives on January 4, 2013, and the announcement of who has been elected President. The federal defendants filed an opposition to the motion for a temporary restraining order today, December 26, 2012. The hearing on the motion of a temporary restraining order is scheduled for January 3, 2013.

On December 23, 24, 25 and 26, 2012, plaintiffs electronically filed (but did not properly serve) eight subpoenas. *See* Docket Nos. 15, 16, 17, 18, 19, 20, 21, and 22. Defendants hereby ask the Court to grant an *ex parte* extension of time to respond to these subpoenas.

## II. DISCUSSION

Plaintiffs filed the following subpoenas: (1) a subpoena (docket no. 15) to Barack Obama, dated December 23, 2012, directing the President to bring certain documents to the hearing on January 3, 2013, on plaintiffs' request for a temporary restraining order; (2) a subpoena (docket no. 16) to the Commissioner of Social Security, dated December 24, 2012, directing the Commissioner to produce certain documents to plaintiffs' attorneys on December 31, 2012, at 5:00 p.m.; (3) a subpoena (docket

1   no. 17) to Congressman Darrell Issa, dated December 24, 2012, directing him to produce certain
2   documents to plaintiffs' attorney on December 26, 2012 at 5:00 p.m.; (4) a subpoena (docket no. 18) to
3   the Commissioner of Social Security, dated December 24, 2012, directing the Commissioner to
4   produce certain documents to plaintiffs' attorney on December 31, 2012, at 5:00 p.m.; (5) a subpoena
5   (docket no. 19) to the Director of Selective Service, dated December 25, 2012, directing the Director to
6   produce certain documents on March 1, 2013 at 3:00 pm in the District Court for the Eastern District of
7   California; (6) a subpoena (docket no. 20) to the Commissioner of Social Security, dated December 26,
8   2012, directing him to produce certain documents on January 3, 2013, at 2:00 p.m.; (7) a subpoena
9   (docket no. 21), dated December 26, 2012, directing the Commissioner to produce certain documents at
10  the hearing on January 3, 2013, at 2:00 p.m.; and (8) a subpoena (docket no. 22 – attached to another
11  subpoena), dated December 26, 2012, directing the Postmaster General to produce certain documents at
12  the hearing on January 3, 2013, at 2:00 p,m.

Today, December 26, 2012, the undersigned emailed, faxed and sent by Federal Express a letter to plaintiffs' counsel outlining his objections to the subpoenas. Declaration of Edward A. Olsen (attached). In his letter, the undersigned explained to plaintiffs' attorney the following:

> First, you have not delivered a copy of each subpoena to the persons named in the subpoenas, as required by of Fed. R. Civ. P. 45(b)(1). Instead, you have simply mailed by Federal Express copies of your subpoenas to either the U.S. Attorney's Office for the District of Hawaii (in the case of your subpoena to the President) or to the U.S. Attorney's Office for the District of Columbia (in the case of your subpoenas to the Commissioner of Social Security, the Postmaster General of the United States Postal Service, and the Director of Selective Service). In the case of your subpoena to Darrell Issa, your subpoena does not reflect any service whatsoever.
>
> Second, with the exception of the President (who is a named party), the subpoenas require the named individuals to travel more than 100 miles to the place specified for production of documents. Such a requirement in a subpoena to a non-party is prohibited absent court order. *See* Fed. R. Civ. P. 45(b)(2)(B); Fed. R. Civ. P. 45(c)(3)(A)(ii).
>
> Third, you have not provided "a reasonable time to comply" with the subpoenas, in violation of Fed. R. Civ. P. 45(c)(3)(A)(i). This objection applies equally to all of the subpoenas, but is particularly egregious in the case of the subpoena directed to Darrell Issa because the subpoena was issued on December 24, 2012, was not served on Mr. Issa, and directs him to produce documents by 5:00 pm on December 26, 2012.
>
> Fourth, the subpoenas would require the disclosure of documents prohibited from disclosure by the Privacy Act. *See* 5 U.S.C. § 552a(b); Fed. R. Civ. P. 45(c)(3)(A)(iii).
>
> Fifth, the subpoenas subject all of the named persons to an undue burden because: (1) the plaintiffs named in your underlying lawsuit – *Grinols v. Electoral College*, 2:12-cv-

02997-MCE-DAD – lack standing to sue, (2) the claims are barred by the Speech or Debate Clause, and (3) the claims are barred by the political question doctrine.

Sixth, you do not appear to have made any attempt to comply with any of the agencies' *Touhy* regulations in connection with your subpoenas. *See Touhy v. Ragen*, 340 U.S. 462, 464-65 (1951).

Declaration of Edward A. Olsen.

As of 5:00 p.m. today, the undersigned has not received a response from plaintiffs' counsel

Federal Defendants respectfully ask this Court to enter an *ex parte* order providing the federal defendants with a reasonable period of time to respond to plaintiffs' subpoenas. *See* Fed. R. Civ. P. 45(c)(3)(A)(I). Plaintiffs have imposed an unreasonably short period of time to respond to their subpoenas – in the case of the subpoena directed to Congressman Darrell Issa, of example, the subpoena was sent on December 24, 2012, and commands a response by December 26, 2012 at 5:00 pm. Federal Defendants intend to file a formally noticed motion to quash the subpoenas forthwith and hereby ask the Court to extend the deadline for responding to the subpoenas until after the Court disposes of the motion to quash the subpoenas.

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

Date: December 26, 2012

By  */s/ Edward A. Olsen*
EDWARD A. OLSEN
Assistant United States Attorney