Dr. Orly Taitz ESQ

29839 Santa Margarita ste 100

Rancho Santa Margarita, CA 92688

Phone 949-683-5411 fax 949-766-7603

Orly.taitz@gmail.com

Counselor for the Plaintiffs

## US District Court

## For the Eastern District of California

| | |
|---|---|
| James Grinols, Robert Odden, in their capacity ) | Case #   12-cv-02997 |
| as Presidential Electors ) | REPLY TO OPPOSITION TO |
| Edward C. Noonan, Thomas Gregory MacLeran, ) | TEMPORARY RESTRAINING |
| Keith Judd in their capacity as ) | ORDER |
| candidates for the U.S. President ) | |
| v Electoral College, President of the Senate, ) | |
| Governor of California, Secretary of State ) | |
| of California, U.S. Congress , ) | |
| Barack Hussein Obama ) | |
| ) | |
| ) | |

**REPLY TO OPPOSITION TO TRO**

**<u>Plaintiffs incorporate by reference Part one of the Reply  which was filed as the reply to the opposition by the Federal defendants</u>**

**<u>PLAINTIFFS INJURIES ARE REDRESSABLE BY THIS COURT</u>**

Defendants allegation that the Plaintiffs injuries cannot be redressed by this court is false.

As stated before the Plaintiffs are seeking the following redress:

1. Enjoin the certification of the certificate of vote and certificate of ascertainment by the joint session of Congress on January 4, 2012 pending adjudication of Obama's legitimacy for office  on the merits.

2. Enjoin Candidate Obama from taking an oath of office due to the fact that he is a foreign national, citizen of Indonesia, who is using forged IDs, last name not legally his and a fraudulently obtained Social Security ID.

1.     As far as TRO against the U.S. Congress is concerned, TRO from this court will not take from Congress its' ability to make an objection to candidate Obama, TRO will simply apprise Congress of evidence of lack of legitimacy for office and will postpone the certification by a few days pending adjudication on the merits. Plaintiffs  provide as an exhibit a January 13, 2010 letter sent by former Presidential candidate, Senator McCain, to the undersigned attorney. Additionally Plaintiffs are submitting a letter by Senator Sessions on the same issue. Both letters are stating that the issue of Obama's legitimacy for Presidency is being heard in different courts,  both senators state that Obama's legitimacy is a legal issue that needs to be resolved by the Judiciary and they do not have jurisdiction to provide determination. As such, the only way members of the U.S. Congress can exercise their right to lodge an objection to candidate Obama during the joint session, <u>is if there is a determination by the court first.</u> So this court can provide redressability in

issuing a TRO delaying the vote for a few days until the court can hear the issue on the merits and issue the declaratory relief relating to Constitutionality of confirmation of Candidate Obama .

As an example U.S. District Judge Katherine Forest issued a TRO and later a permanent injunction in <u>Hedges et al v Obama et al 12-cv-00331</u> where a part of the NDAA, National Defense Authorization Act issued by the U.S. Congress and signed by Obama was enjoined as unconstitutional. Similarly to Hedges TRO from this court will provide a several days delay to vote for Candidate Obama, until the court can adjudicate whether Obama's Presidency would be unconstitutional.

    2.    <u>Similarly this court has jurisdiction and can provide redressability by issuing a TRO enjoining Candidate Obama from taking an oath of office</u>. In 2010 U.S. District court Judge for the District of Alaska, Ralph Beistline, issued a TRO staying certification of votes for the U.S. Senator Lisa Murkowski pending resolution of constitutional challenges brought by her opponent Candidate for the U.S. Senate Joseph Miller in a case <u>Miller v Campbell</u> 3:10-cv-00252 RRB. Murkowski was enjoined from taking an oath of office as the U.S. Senator until the constitutional issues were resolved.

### THE SPEECH AND DEBATE CLAUSE DOES NOT BAR THIS LEGAL ACTION.

Defense erred in its assertion that speech and debate clause bar this legal action.

This legal action does not infringe upon the right to speak and debate issues by Congress.

As stated previously, this legal action only addresses legitimacy for the U.S. Presidency of Candidate Obama in light of evidence of forgery in his IDs. The premise of this action is to

a. seek a temporary injunction postponing certification pending adjudication on the merits and b. seek injunction preventing Candidate Obama from taking an oath of office until the issue of his forged IDs is adjudicated on the merits.

a. The date of the joint session of the US House of Representatives and Senate is subject to change, it is not dictated by the U.S. Constitution. Per Defendants own admission this date was changed from January 6 to January 4th without any particular reason. Candidate Obama is not scheduled to take the oath of office until January 20th. There is a 16 day window, during which time Candidate Obama would have an opportunity to appear in court and provide the original documents and explain, why is he using a Social Security number, which was not assigned to him, why according to members of law enforcement and experts, the copies of his alleged IDs are shown to be forgeries, why is he listed under a different last name in his passport. By postponing the certification by Congress until there is a legal determination of these issues and declaratory relief, this court will not infringe on the ability to speak and debate by members of Congress, it will simply provide a decision as to Constitutionality of the actions by Congress, should members of Congress decide to approve the electoral vote without an objection. As such the assertion that this petition will violate the Speech and Debate clause is erroneous.

<u>CASE AT HAND DOES NOT REPRESENT A NONJUSTICIABLE POLITICAL QUESTION AND DETERMINATION ON THE MERITS IS IN THE JURISDICTION OF THE COURT</u>.

Defendants are stating that there is a place and a role for the court of law to determine eligibility, the question is, when is the right time?

First, there is a clear conflict between opinions of different courts in relation to timing of the court opinion.

Defense brings forward Robinson v Bowen567 FSupp.2d 1144 (N.D. Cal 2008), which state that "Judicial review -if any-should occur only after the electoral and congressional processes have run their course."  However, in <u>Keyes v Obama</u> where the undersigned was a counsel for Plaintiffs, Central District of California and the 9th circuit (09-56827 <u>Keyes v Obama 9th Circuit Court of Appeals</u>) alleged that bringing the case to court after the electoral and Congressional process run its' course, makes the case moot.  In <u>Keyes v Obama</u> the 9th circuit ruled that after the candidate takes office he is no longer subject to removal by the act of court, but rather is subject to impeachment by Congress. Letter by Senator Sessions and Senator McCain (Exhibit 1, 2) seem to indicate that the members of Congress are of the same opinion. As the Constitution envisions Impeachment as means for removal of a sitting President from office, Plaintiffs believe that the controlling decision by the 9th Circuit in <u>Keyes v Obama</u> is correct, that the courts have jurisdiction up to the point of inauguration, after which time removal is dictated by the impeachment. As such based on the precedent of Keys v Obama, legitimacy for Presidency is a Justiciable question up to the point of inauguration. Moreover, even after the inauguration there is no impediment to the courts exercising its' jurisdiction in seeking a <u>declaratory</u> relief. The only relief that would be non-justiciable **<u>after the inauguration</u>**, is injunctive relief, as it will be replaced by the power of Congress to impeach.

## PLAINTIFFS ARGUMENTS ARE MERITORIOUS

Plaintiffs provided extensive argument and 21 exhibits proving that Obama's IDs are forged. In rebuttal to the defense assertion that Obama is qualified, plaintiffs submit a video-tape of the sworn witness testimony  and presentation by the Maricopa County, AZ Sheriff Joseph Arpaio and investigator Zullo, who not only assert that Obama's IDs are forged, but actually demonstrate on camera, specifically how forgers   created Obama's bogus IDs.

## TRO is in Public interest

Plaintiffs provide a letter from the California State Bar, which was provided in response to the Bar complaint against Barack Obama's private attorney, CA attorney Scott J. Tepper, who sought a judicial notice from another court that Barack Obama's birth in Hawaii was verified, that Obama has a valid birth certificate and is a natural born citizen. Tepper did so, while he was already in possession of the video tape of the Presentation by Sheriff Arpaio, who demonstrated that Obama's birth certificate is a forgery. California bar stated that this is a "matter of national security", which should be addressed by the court and the district Attorney. Clearly it is in the interest of the public to resolve the matter of national security on the merits, expeditiously, through the TRO. Recently Alabama Supreme Court heard a related case McInnish v Chapman 87140552 Alabama Supreme court. Unfortunately, the case was filed by a pro se plaintiff, who mistakenly skipped the lower court and went straight to a higher court to appeal the decision by the Secretary of State of Alabama Beth Chapman to allow Obama on the ballot in light of his forged identification papers. While the Supreme Court of AL had to dismiss the case due to lack of jurisdiction, Supreme Court Justice Tom Parker wrote:*"McInnish has attached certain documentation to his mandamus petition) which, if presented to the appropriate forum as part of a proper evidentiary presentation, would raise serious questions about the authenticity of both the "short form" and the "long form" birth certificates of President Barack Hussein Obama that have been made public."* Id McInnish v Chapman 87140552

Alabama Supreme court. This court is an appropriate forum and it is in the public interest to adjudicate the issue of IDs of the Presidential candidate, which raised serious questions of authenticity in the Supreme Court of the sister state.

**SERVICE OF PROCESS WAS SUFFICIENT**

1.Claim if insufficiency of process is erroneous. Service was sufficient under both FRCP A and B.

Additionally, aside from service by Federal Express, prior to Christmas holiday Plaintiffs have ordered service of process by process servers, which was completed and the proof of service by the process server is expected to be filed by Monday 12.31.2012.

 First, all of the defendants acknowledge that they were served by the Federal Express. Employee of the Federal Express delivered the summons, complaint, exhibits, TRO order and TRO motion to various US Attorneys: in the Eastern District, where the case is pending, in the District of Hawaii, where Mr. Obama is vacationing and in the Washington DC, where most defendants are located, as well as to the office of the Attorney General, who is representing the governor of California. The names of the clerks, who accepted the service of process were recorded by the employees of the Federal Express.

2. On page 4 line 9 of the opposition by the Federal Defendants, they are stating that the service of process is insufficient under *See* Fed. R. Civ. P. 4(a)(1)(A).

this is erroneous, as  FRCP 4(a)(1)(A) simply states (a) contents;amendments, summons must contain (A) name the court and the parties;

The summons clearly contained the name of the court and the parties.

3. Defendants are mistaken in their contention that FRCP 4(i) (A)(ii) only means only U.S. mail and not any other type of certified or registered mail. FRCP 4(i) (A)(ii) states "send a copy of each by registered or certified mail". It does not state only U.S. mail, it only means that any mail used has to have a feature of traceability or verification, such as certified mail, which certifies that the mail was received and registered mail, that shows the rout of mail. For example, individuals residing abroad can only use foreign certified or registered mail to serve U.S. Federal defendants.

Federal Express provides both features required by statute: it is both registered and certified. Federal Express provides in its receipt the rout and the certification of receipt. As a matter of fact, it does it more precisely than the U.S. mail, as the Federal Express receipt contains the printed first initial and last name of the clerk in the U.S. Attorney's office, who received mail, signature of such employee and time of receipt of mail to the minute.

Additionally, Taitz used Federal Express as it not only provides certification, it provides expediency. All 3 packages sent to the US Attorneys in Sacramento, Honolulu and Washington DC were delivered within hours, packages sent by 6pm, were delivered before 10am next morning. On the other hand attorney for plaintiffs had instances, where U.S. certified mail has either disappeared or arrived only after 10-11 days. Noteworthy is the fact that it happened in similar cases challenging Barack Obama due to evidence of forgery in his IDs.

Moreover, plaintiffs wanted to make sure that the defendants have ample opportunity to respond and have due process. Attorney for plaintiffs paid three times more for Federal Express than the cost of U.S. Certified mail and did so three times, serving three US attorneys in CA, HI and Washington DC in order to provide the defendants with an expedient registered and certified

mail service through Federal Express mail service. Additionally, as requested by the court, attorney for the plaintiffs apprised the defendants by 4 pm December 20, 2012 of the TRO scheduling order by both calling them and faxing them the order, as stated in the certificate of service filed by the Plaintiffs on 12.21.2012. On December 27, 2012 3:05 Taitz, attorney for the Plaintiffs, received a call back from the U.S. attorney's office in response to her phone call made on 12.20.2012 before 4 pm. Call back came from George Anderson, law enforcement coordinator, call back number 916-554-2700, who confirmed that indeed a call was received by the U.S. Attorney's office from Taitz on 12.20. 2012 before 4 pm. Mr. Anderson took further information in regards to January 3 hearing. As such, the service of process was complete and Plaintiffs complied with the court order and advised all parties of the TRO hearing as requested by 4pm on 12.2012.

**CONCLUSION. BASED ON ALL OF THE ABOVE TRO SHOULD BE GRANTED**

Respectfully submitted,

/s/ Dr. Orly Taitz ESQ

Certificate of service

I, Orly Taitz, attest that I served all parties in this case with aforementioned Reply to the Opposition to TRO on 12.28.2012by ECF and/or first class mail

/s/ Orly Taitz