1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  DOUGLAS J. WOODS, State Bar No. 161531
   Senior Assistant Attorney General
3  GEORGE WATERS, State Bar No. 88295
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 323-8050
6   Fax: (916) 324-8835
    E-mail: George.Waters@doj.ca.gov
7  *Attorneys for Defendants Edmund G. Brown Jr.,
   Governor of California, and Debra Bowen,*
8  *Secretary of State of California*

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES GRINOLS, et al.,** | 12-CV-02997 |
| Plaintiff, | |
| v. | **STATE DEFENDANTS' NOTICE OF MOTION & MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES [FRCP 12(b)(1)]** |
| **ELECTORAL COLLEGE, et al.,** | |
| Defendant. | Date: March 7, 2013<br>Time: 2:00 p.m.<br>Dept: 7, 14th Floor<br>Judge: The Honorable Morrison C. England, Jr.<br>Trial Date:<br>Action Filed: 12/13/2012 |

**TABLE OF CONTENTS**

                                                                                                                                     Page
Notice of Motion and Motion ................................................................................................... 1
Introduction ............................................................................................................................... 2
Factual background and litigation history ................................................................................. 2
      I.       The 2012 presidential election in California ............................................................ 2
      II.      California's presidential electors cast their Electoral College votes on
              December 17, 2012. .................................................................................................. 3
      III.     Plaintiffs' complaint and unsuccessful Motion for a Temporary Restraining
              Order ......................................................................................................................... 4
Legal standard governing Motion to Dismiss under Rule 12(b)(1) .......................................... 6
Argument ................................................................................................................................... 6
      I.       This case is moot as to the state defendants ............................................................. 6
      II.      This case presents a nonjusticiable political question .............................................. 8
Conclusion ............................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*
   300 U.S. 227 .................................................................................................... 7, 8

*Arizona Christian Sch. Tuition Org. v. Winn*
   ___ U.S. ___, 131 S.Ct. 1436 (2011) ....................................................................... 6

*Baker v. Carr*
   369 U.S. 186 (1962) ................................................................................................ 2

*Chandler v. State Farm Mut. Auto. Ins. Co.*
   598 F.3d 1115 (9th Cir. 2010) ................................................................................. 6

*Church of Scientology of California v. U.S.*
   506 U.S. 9 (1992) ............................................................................................. 2, 6

*Crawford v. Marion County Election Bd.*
   553 U.S. 181 (2008) ................................................................................................ 3

*Friends of the Earth, Inc. v. Bergland*
   576 F.2d 1377 (9th Cir. 1978) ................................................................................. 7

*Headwaters, Inc. v. Bureau of Land Management*
   893 F.2d 1012 (9th Cir. 1989) ............................................................................ 7, 8

*Honig v. Doe*
   484 U.S. 305 (1988) ................................................................................................ 7

*Keyes v. Bowen*
   189 Cal.App.4th 647 (2010) .................................................................................... 8

*Kokkonen v. Guardian Life Ins. Co. of America*
   511 U.S. 375 (1994) ................................................................................................ 6

*Lee v. Schmidt–Wenzel*
   766 F.2d 1387 (9th Cir. 1985) ................................................................................. 8

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992) ............................................................................................ 6, 8

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*
   312 U.S. 270 (1941) ................................................................................................ 8

*Safe Air for Everyone v. Meyer*
   373 F.3d 1035 (9th Cir. 2004) ................................................................................. 6

**TABLE OF AUTHORITIES**
(continued)

Page

*Southern Pacific Terminal Co. v. ICC*
    219 U.S. 498 (1911) .................................................................................................. 8

*Super Tire Engineering Co. v. McCorkle*
    416 U.S. 115 (1974) .................................................................................................. 8

*Wolfe v. Strankman*
    392 F.3d 358 (9th Cir. 2010) .................................................................................... 6

**STATUTES**

3 United States Code § 6 ............................................................................................. 3, 4

3 United States Code § 7 ................................................................................................ 3

3 United States Code § 8 ............................................................................................. 3, 4

3 United States Code § 9 ............................................................................................. 3, 4

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Amendment XII .......................................................................................... 3

U.S. Const. Amendment XX, § 1 ................................................................................... 4

U.S. Const. Amendment XXII, § 1 ................................................................................. 8

U.S. Const. Article II, § 1 ............................................................................................... 3

**COURT RULES**

Federal. Rules Evidence 201(b)(2) ................................................................................ 3

Federal Rules of Civil Procedure Rule 12(b)(1) .................................................. 1, 6, 10

Local Rule 231 ................................................................................................................ 5

**OTHER AUTHORITIES**

H.J. Res. 122, 112th Cong. (2012) ................................................................................. 4

159 Cong.Rec. H49-H50 ................................................................................................ 4

Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3533 at 715-716 (2008) .................................................. 7

http://www.archives.gov/federal-register/electoral-college/2012/certificates-of ........... 4

# TABLE OF AUTHORITIES
**(continued)**

**Page**

http://www.archives.gov/federal-register/electoral-college/procedural_guide.html. ..................... 3

Jack Maskell & Elizabeth Rybicki, *Counting Electoral Votes: An Overview of Procedures at the Joint Session, Including Objections by Members of Congress* ......................................... 3

*Statement of Vote, November 6, 2012 General Election*....................................................................... 3

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Please take notice that on March 7, 2013, at 2:00 p.m., or as soon thereafter as the matter may be heard, defendants Edmund G. Brown Jr., Governor of California, and Debra Bowen, Secretary of State of California, will move this Court, at the United States Courthouse located at 501 I Street, Sacramento, California, 95814, Courtroom 7, 14th Floor, for dismissal of the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds that the Court lacks subject-matter jurisdiction in that the claims are moot and present a nonjusticiable political question.

This motion is based upon the following documents: this notice of motion and motion; the attached points and authorities; the accompanying Request for Judicial Notice and Declaration of John Kim; all other papers, documents, or exhibits on file or to be filed in this action to the extent they are judicially-noticeable; and the argument to be made at any hearing on the motion ordered by this Court.

Dated: January 28, 2013

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
DOUGLAS J. WOODS
Senior Assistant Attorney General


*/s/ George Waters*

GEORGE WATERS
Deputy Attorney General
*Attorneys for Defendants Edmund G. Brown Jr., Governor of California, and Debra Bowen, Secretary of State of California*

**INTRODUCTION**

This Motion to Dismiss is filed on behalf of California Governor Edmund G. Brown Jr. and California Secretary of State Debra Bowen (California defendants).

Plaintiffs' complaint alleges that President Barack Obama was not born in the United States and therefore is ineligible to hold the office of President. Thus the complaint seeks to restrain various government officials from taking ministerial actions necessary to process and count Electoral College votes to determine the next President of the United States. As to the California defendants, the complaint seeks to enjoin the execution and transmittal of California's Certificate of Ascertainment (a formal list of the Electors chosen in California) and California's Certificate of Vote (which records how the Electors cast their votes).

For two reasons, this Court does not have subject matter jurisdiction to decide plaintiffs' claims. First, the case is moot as to the California defendants. A federal court has no jurisdiction "'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). The two certificates that plaintiffs seek to restrain have already been executed and transmitted to the appropriate federal officials, and California's Electoral College votes have already been counted at a Joint Session of Congress (as have the Electoral College votes of the other 49 States and the District of Columbia). Second, as the Court has already concluded in its order denying plaintiffs' motion for a temporary restraining order, the question whether President Obama may legitimately run for office and serve as President is a political question that a court cannot answer. *See Baker v. Carr*, 369 U.S. 186, 210 (1962).

For these reasons, as more fully explained below, plaintiffs' complaint should be dismissed without leave to amend.

**FACTUAL BACKGROUND AND LITIGATION HISTORY**

**I.   THE 2012 PRESIDENTIAL ELECTION IN CALIFORNIA**

The 2012 presidential election was held on November 6. In California, the Democratic incumbent, Barack Obama, defeated the Republican challenger, Mitt Romney, by a margin of

60.2% to 37.1% (about 3 million votes).  Exh. D to State Defendants' Request for Judicial Notice (California Secretary of State's *Statement of Vote, November 6, 2012 General Election)*, at p. 7.

## II. CALIFORNIA'S PRESIDENTIAL ELECTORS CAST THEIR ELECTORAL COLLEGE VOTES ON DECEMBER 17, 2012

Under Article II, section 1, clause 2 of the United States Constitution, the voters of each state choose electors on Election Day to serve in the Electoral College.  The number of electors in each state is equal to the number of members of Congress to which the state is entitled.  *See* art. II, § 1, cl. 2.  There are a total of 538 electors because there are 435 representatives and 100 senators, plus 3 electors allocated to Washington, D.C. under the Twenty-Third Amendment.  *See* art. II, § 1, cl. 2; *see also* http://www.archives.gov/federal-register/electoral-college/procedural_guide.html.[1]  Thus it takes a minimum of 270 electoral votes to be elected President.

Of particular relevance to this case, California officials have two specific, time-sensitive duties concerning California's Electoral College votes.  First, as soon as the election results are final, the Governor is required to prepare and sign a Certificate of Ascertainment, which is a formal list of the names of the electors chosen in that state, as well as the names of all other candidates for elector, and the number of votes cast for each.  *See* 3 U.S.C. § 6.  Second, once the state's electors have met and voted,[2] they must sign a Certificate of Vote containing two distinct lists, one being the votes for President and the other the votes for Vice President.  Both documents are witnessed by the Secretary of State.  *See* 3 U.S.C. § 9; *see also* Jack Maskell & Elizabeth Rybicki, *Counting Electoral Votes: An Overview of Procedures at the Joint Session, Including Objections by Members of Congress* at 2, Congressional Research Service (Nov. 30, 2012).

---

[1] The Court may take judicial notice of information on government websites.  *See* Fed. R. Evid. 201(b)(2) (allowing a court to take judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Crawford v. Marion County Election Bd.*, 553 U.S. 181, 199 n.18 (2008) (taking judicial notice of information on government website).

[2] Electors chosen meet in their respective state capitals on the Monday after the second Wednesday in December (December 17, 2012), at which time they cast their votes on separate ballots for President and Vice-President.  *See* U.S. Const. amend. XII; 3 U.S.C. §§ 7, 8.

3

State Defendants' Notice of Motion & Motion to Dismiss (12-CV-02997)

California's Certificate of Ascertainment was executed by Governor Brown on December 15, 2012. Exh. A to State Defendants' Request for Judicial Notice. California's Certificate of Vote was executed by the Electoral College, and witnessed by Secretary of State Debra Bowen, on December 17, 2012. Exh. B to State Defendants' Request for Judicial Notice. On December 18, 2012, both certificates were forwarded to the President of the United States Senate as required by law.[3] Declaration of John Kim, ¶1.

On January 4, 2013, the electoral votes were counted at a joint session of the Senate and the House of Representatives, meeting in the House Chamber. *See* H.J. Res. 122, 112th Cong. (2012) (setting date). The tally officially confirmed that Mr. Obama was the winner with 332 electoral votes to Mr. Romney's 206 votes. Exh. C to State Defendants' Request for Judicial Notice (159 Cong.Rec. H49-H50, January 4, 2013). Mr. Obama began his second term as President of the United States on January 20, 2013. *See* U.S. Const. amend. XX, § 1.

### III. PLAINTIFFS' COMPLAINT AND UNSUCCESSFUL MOTION FOR A TEMPORARY RESTRAINING ORDER

On December 13, 2013, plaintiff filed a document entitled "Declaratory and Injunctive Relief, Petition for Extraordinary Emergency Writ of Mandamus/Stay of Certification of votes for Presidential Candidate Obama due to elections fraud and his use of invalid/forged/fraudulently obtained IDs." Dkt. 2. Generally speaking, this document (the "complaint") alleged that President Barack Obama was not born in the United States and therefore is ineligible to hold the office of President. The complaint sought to restrain various government officials from taking ministerial actions necessary to process and count Electoral College votes to determine the next President of the United States. Although the complaint was sent by FedEx to the California Attorney General on December 18, 2012 (Dkt. 9), it was not served on either of the California defendants until January 7, 2013. Dkt. 50.

---

[3] *See* 3 U.S.C. § 6 (Certificate of Ascertainment), §§ 8-11 (Certificate of Vote). California's Certificate of Ascertainment is posted on the Archivist of the United States' website at http://www.archives.gov/federal-register/electoral-college/2012/certificates-of ascertainment.html. California's Certificate of Vote is posted on the Archivist of the United States' website at http://www.archives.gov/federal-register/electoral-college/2012/certificates-of vote.html.

On December 14, 2013, this Court issued an order noting that plaintiffs had not filed any of the documents required by Local Rule 231 for issuance of a temporary restraining order. Dkt. 8. The Court's order informed plaintiffs, "If plaintiffs wish to proceed with their request for a temporary restraining order, they are hereby ordered to file the above-listed documents by December 21, 2012." *Id*. Plaintiffs waited until December 20 to file their motion for temporary restraining order.[4] Dkt. 12. Plaintiffs' motion sought to restrain (1) the California Secretary of State and Governor from certifying the Certificate of Ascertainment, (2) the Electoral College from tallying the 2012 presidential election votes, (3) the Governor of California from forwarding the Certificate of Vote to the United States Congress, (4) the President of the United States Senate from presenting the Certificate of Vote to the United States Congress, (5) the United States Congress from confirming the Presidential election results, and (6) President Obama from taking the oath of office on January 20, 2013. Dkt. 12. The Court, on its own motion, set a hearing on plaintiffs' motion for January 3, 2013. Dkt. 13.

Plaintiffs' motion for a temporary restraining order was denied orally at the January 3 hearing and by a subsequent written order. Dkt. 52. The Court concluded that plaintiffs are unlikely to succeed on the merits, principally because the relief they seek violates the Separation of Powers and Political Question doctrines. Dkt. 52, p. 4. With respect to the California defendants, the Court noted that plaintiffs' claims are moot:

> California officials completed the Certificate of Ascertainment for California's electors of President and Vice President chosen in the 2012 general election on December 15, 2012 and the Certificate of Vote for the same offices on December 17, 2012. (ECF No. 26.) These Certificates were sent to Congress in December 2012. *Id*. Plaintiffs, therefore, request that the Court stop an action that has already taken place. The Court cannot prevent California from doing what it has already done. Thus, Plaintiffs' request for relief with respect to California is moot.

Dkt. 52, p. 4, n.1.

---

[4] By this time California's Electoral College delegates already had cast their votes and California's Certificate of Ascertainment and Certificate of Vote already had been completed and transmitted to the President of the United States Senate. Declaration of John Kim, ¶1.

**LEGAL STANDARD GOVERNING MOTION TO DISMISS UNDER RULE 12(B)(1)**

A challenge to standing is properly raised in a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Federal courts are courts of limited jurisdiction. Thus it is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

The party challenging jurisdiction may either make a facial attack on the allegations of jurisdiction contained in the complaint or a factual attack disputing the truth of the allegations in the pleading. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2010). If the motion constitutes a facial attack, the court must consider the factual allegations of the complaint to be true. *Id*. If the motion constitutes a factual attack, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## ARGUMENT

### I. THIS CASE IS MOOT AS TO THE STATE DEFENDANTS

Article III provides that federal courts have the power to resolve "Cases" or "Controversies." *Arizona Christian Sch. Tuition Org. v. Winn*, ___ U.S. ___, 131 S.Ct. 1436, 1441 (2011). "To obtain a determination on the merits in federal court, parties seeking relief must show that they have standing under Article III of the Constitution." *Id.* at 1440. To satisfy Article III standing, at a minimum, (1) the party seeking relief must have suffered an injury in fact, (2) there must be "a causal connection between the injury and the conduct complained of," and (3) it must be likely the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

A case is not justiciable under Article III once it becomes moot. A federal court has no authority "'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651,

653 (1895)). It does not suffice that a dispute was live at the time of filing. To satisfy Article III, a dispute must remain alive throughout the course of litigation, to the moment of final appellate resolution. *Honig v. Doe*, 484 U.S. 305, 317-18 (1988); 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3533 at 715-716 (2008). Thus "[w]here the activities sought to be enjoined have already occurred, and . . . courts cannot undo what has already been done, the action is moot." *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978); *see also Headwaters, Inc. v. Bureau of Land Management*, 893 F.2d 1012, 1016 (9th Cir. 1989) (where trees have already been logged, action to enjoin their logging is moot).

    This case is moot as to the California defendants. The only injunctive relief sought in the complaint against the California defendants is a stay of California's Certificate of Ascertainment, which is a list of the Presidential and Vice-Presidential Electors elected at the November 6, 2012 general election. Dkt. 2 at p. 29. Plaintiffs' subsequent motion for temporary restraining order sought additionally to restrain the forwarding to Congress of California's Certificate of Vote. (The Certificate of Vote records how the Electors actually voted.) But these documents were executed on December 15, 2013 (Certificate of Ascertainment) and December 17, 2012 (Certificate of Vote), and promptly forwarded to the President of the United States Senate on December 18, 2012. *See* Exh. A to this Motion (Certificate of Ascertainment); Exh. B to this Motion (Certificate of Vote); Declaration of John Kim, ¶1. There is no live dispute as to these documents because they have been executed and transmitted. The actions sought to be restrained have already occurred, and cannot now be restrained as requested. *See Friends of the Earth,* 576 F.2d at 1379; *Headwaters, Inc.,* 893 F.2d at 1016.

    Plaintiffs' claim for declaratory relief also is moot. A claim for declaratory relief is subject to the case-and-controversy requirement of Article III just as any other claim. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41(1937) (Declaratory Judgment Act does not extend jurisdiction to controversies that are academic or moot). To be justiciable, a declaratory relief claim must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

7

judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Now that the California defendants have completed California's Certificate of Ascertainment and Certificate of Vote, there is no live controversy between the parties. *See Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 122 (1974) (case or controversy exists justifying declaratory relief only when the challenged government activity "has not evaporated or disappeared"). Any remaining dispute between the parties is academic and not justiciable. *See Aetna Life Ins. Co.*, 300 U.S. at 240-241; *Keyes v. Bowen*, 189 Cal.App.4th 647, 661 (2010), *cert. den.* ___ U.S. ___, 132 S.Ct. 99 (2011) (California Secretary of State has no duty to investigate and determine whether a presidential candidate is constitutionally eligible for office).

An exception to the mootness doctrine exists for allegedly illegal government actions that are capable of repetition, yet evading review. *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911); *Headwaters, Inc.*, 893 F.2d at 1016. "The 'repetition/evasion' exception is a narrow one, and applies only in 'exceptional situations.'" *Lee v. Schmidt–Wenzel,* 766 F.2d 1387, 1390 (9th Cir. 1985) (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 109 (1983)). The exception does not apply here because the allegedly illegal acts challenged by plaintiffs cannot be repeated in the future. President Obama has been elected to a second term as President of the United States. The Twenty-Second Amendment prohibits persons from being elected to the office of President more than twice. U.S. Const. amend. XXII, § 1. California will never again execute a Certificate of Ascertainment or a Certificate of Vote for Electoral College delegates pledged to President Obama. Thus plaintiffs' claims as to the California defendants cannot recur.

Because plaintiffs' alleged injuries cannot be remedied by a favorable decision, plaintiffs' claims against the California defendants are moot. *Lujan, supra,* 504 U.S. at 560–61.

## II.   THIS CASE PRESENTS A NONJUSTICIABLE POLITICAL QUESTION

The Court's order denying plaintiffs' motion for a temporary restraining order concluded that "the question presented by Plaintiffs in this case—whether President Obama may legitimately run for office and serve as President—is a political question that the Court may not answer." Dkt. 52, p. 8. This is an additional, separate reason why this action should be dismissed for lack of subject matter jurisdiction. With apologies for the lengthy quotation, but believing it

8

is the most efficient means by which to make the point, the relevant passage from the Court's previous order is presented below:

> The political question doctrine arises out of the Constitution's division of powers, and provides that certain questions are political as opposed to legal, and therefore off limits to the Court. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007) ("The Supreme Court has indicated that disputes involving political questions lie outside of the Article III jurisdiction of federal courts."). The doctrine exists because the Constitution prohibits "a court from interfering in a political matter that is principally within the dominion of another branch of government." *Banner v. U.S.*, 303 F. Supp. 2d 1, 9 (D.D.C. 2004) (citing *Spence v. Clinton*, 942 F. Supp. 32, 39 (D.D.C. 1996)). The doctrine of separation of powers requires that political issues be resolved by the political branches rather than by the judiciary. *See Corrie*, 503 F.3d at 980. In other words, "[t]he political question doctrine serves to prevent the federal courts from intruding unduly on certain policy choices and value judgments that are constitutionally committed to Congress or the executive branch." *Koohi v. U.S.*, 976 F.2d 1328, 1331 (9th Cir. 1992).
>
> To determine whether an issue is a "political question" that the Court is barred from hearing, the Court considers whether the matter has "in any measure been committed by the Constitution to another branch of government." *Baker v. Carr*, 369 U.S. 186, 210 (1962). The Supreme Court has set forth six factors indicating the existence of a political question. *Id*. at 217. The first factor—whether there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department"—is the one most relevant to the present case. *Id*.
>
> The natural born citizen clause "is couched in absolute terms of qualification and does not designate which branch should evaluate whether the qualifications are fulfilled." *Barnett v. Obama*, No. SACV 09-0082 DOC (ANx), 2009 WL 3861788, at *12 (C.D. Cal. Oct. 29, 2009). Accordingly, the Court must look to the text of the Constitution to determine whether the Constitution "speaks to which branch of government has the power to evaluate the qualifications of a president." *Id*. The Court finds that numerous articles and amendments of the Constitution together make clear that the issue of the President's qualifications and his removal from office are textually committed to the legislative branch, and not the Courts. First, Article II, Section 1 of the Constitution established the Electoral College as the means of electing the President, but the Constitution also empowers "Congress [to] determine the time of choosing the electors, and the day on which they shall give their votes . . . ." U.S. Const. art. II, § 1. The Twelfth Amendment empowers the President of the Senate (who is the Vice President of the United States) to preside over a meeting between both the House of Representatives and the Senate in which the Vice President counts the electoral votes. U.S. Const. amend. XII. If no candidate receives a majority of presidential votes, the Twelfth Amendment authorizes the House of Representatives to choose a President between the top three candidates. *Id*. The Twentieth Amendment empowers Congress to create a procedure in the event that neither the President-elect nor Vice President-elect qualifies to serve as President. U.S. Const. amend. XX, § 4.
>
> Additionally, the Twenty-Fifth Amendment provides for removal of the President should he be unfit to serve. U.S. Const. amend. XXV. Finally, and perhaps most importantly, the Constitution gives Congress, and Congress alone, the power to remove the President. U.S. Const. art. I, § 2, cl. 5; U.S. Const. art. I, § 3, cl. 6; U.S. Const. art. I, § 7. Nowhere does the Constitution empower the Judiciary to remove

9

State Defendants' Notice of Motion & Motion to Dismiss (12-CV-02997)

the President from office or enjoin the President of the United States from taking office.

These various articles and amendments of the Constitution make it clear that the Constitution assigns to Congress, and not the Courts, the responsibility of determining whether a person is qualified to serve as President. As such, the question presented by Plaintiffs in this case—whether President Obama may legitimately run for office and serve as President—is a political question that the Court may not answer. If the Court were to answer that question, the Court would "[interfere] in a political matter that is principally within the dominion of another branch of government." *See Banner*, 303 F. Supp. 2d at 9. This Court, or any other federal court, cannot reach a decision on the merits of a political question because doing so would ignore the Constitutional limits imposed on the courts. Accordingly, Plaintiffs ask the Court to answer a question the Constitution bars the Court from answering.

Dkt. 52, pp. 6-8.

The Court's words previously presented in the context of the temporary restraining order proceedings apply with no less force here in the context of the California defendants' Rule 12(b)(1) motion, and the political question doctrine thus provides an independent ground for dismissal of plaintiffs' claims with prejudice.

## CONCLUSION

For the reasons set forth above, the California defendants' motion to dismiss should be granted without leave to amend.

Dated: January 28, 2013                                    Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
DOUGLAS J. WOODS,
Senior Assistant Attorney General


*/s/ George Waters*
GEORGE WATERS
Deputy Attorney General
*Attorneys for Defendants Edmund G. Brown Jr., Governor of California, and Debra Bowen, Secretary of State of California*

SA2012109089
MTD.doc

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Grinols, et al. v. Electoral College, et al.** | No. | **12-CV-02997** |

I hereby certify that on <u>January 28, 2013</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

***STATE DEFENDANTS' NOTICE OF MOTION & MOTION TO DISMISS***; ***MEMORANDUM OF POINTS & AUTHORITIES [FRCP 12(b)(1)]***

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>January 28, 2013</u>, at Sacramento, California.

| L. Sandoval | */s/ L. Sandoval* |
|---|---|
| Declarant | Signature |

11033808.doc