1  BENJAMIN B. WAGNER
   United States Attorney
2  EDWARD A. OLSEN, CSBN 214150
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2821
   Facsimile:  (916) 554-2900
5  Email: edward.olsen@usdoj.gov

6  Attorneys for Federal Defendants

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JAMES GRINOLS, ROBERT ODDEN, in their          CASE NO.  2:12-CV-02997-MCE-DAD
    capacity as Presidential Electors; EDWARD C.
12  NOONAN, THOMAS GREGORY
    MACLERAN, KEITH JUDD, in their capacity        DEFENDANTS' OPPOSITION TO
13  as candidates for the U.S. President in 2012,   PLAINTIFFS' "EMERGENCY 60B
                                                    MOTION"
14                       Plaintiffs,
                                                    Date:     February 21, 2013
15  v.                                              Time:     2:00 p.m.
                                                    Place:    Courtroom 7, 14th Floor
16  ELECTORAL COLLEGE, PRESIDENT OF                 Judge:    Morrison C. England, Jr.
    THE SENATE, GOVERNOR OF
17  CALIFORNIA, SECRETARY OF STATE OF
    CALIFORNIA, U.S. CONGRESS, BARACK
18  HUSSEIN OBAMA, AKA BARACK
    (BARRY) SOETORO, AKA BARACK
19  OBAMA SOEBARKAH, in his capacity as a
    Candidate for the U.S. President in 2012,
20
                         Defendants.
21

22

23

24

25

26

27

28

1

## I. INTRODUCTION

2      Plaintiffs filed this action alleging that President Barack Obama is ineligible for the presidency

3  under Article II, section 1 of the United States Constitution, which provides:  "No Person except a

4  natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution,

5  shall be eligible to the Office of President."  *See* Declaratory and Injunctive Relief Petition for

6  Extraordinary Emergency Writ of Mandamus ("Petition") at 28-30.  Plaintiffs contend that, despite the

7  fact that the President has produced a birth certificate from the State of Hawaii, he was actually born in

8  Kenya and is a citizen of Indonesia, thus making him ineligible to be President.  Petition at 10.

9  Plaintiffs list Barack Obama in his capacity as "Candidate for the U.S. President in 2012," the Electoral

10  College, the Congress, the Vice President of the United States in his capacity as President of the

11  Senate, the Governor of California, and the California Secretary of State, as defendants.[1]  Petition at 3.

12      This Court orally denied plaintiffs' motion for a temporary restraining order on January 3, 2013,

13  and in a written order on January 16, 2013.  Docket No. 52.  Plaintiffs have now filed an "Emergency

14  60B Motion" seeking "one form of relief" – "to enjoin Defendant Barack Obama from taking the oath

15  of office as a U.S. President on the inauguration day . . . ."  Plaintiffs' Emergency 60B Motion at 2.

16      Defendants respectfully ask the Court to deny the "Emergency 60B Motion" as moot because

17  the act that plaintiffs seek to enjoin – the taking of the oath of office – has already occurred.  In

18  addition, plaintiffs' allegation that a fraud has been committed against the Court within the meaning of

19  Fed. R. Civ. P. 60(b) is baseless.

20  //

21  //

22

23  ────────────

24      [1]The undersigned represents the United States, Congress, and the federal employees and officials
named in their official capacity.  In addition, the undersigned appears here to "attend to the interests of

25  the United States."  28 U.S.C. §§ 517, 547.  Plaintiffs do not appear to have properly served President
Obama in any capacity under Fed. R. Civ. P. 4(i).  According to Plaintiffs' "Notice of Default . . .

26  Request for an Expedited Default Judgment and a Proposed Default Judgment," the President was
served on January 4, 2013.  Docket No. 64.  However, plaintiffs' proofs of service indicate that

27  plaintiffs served only the Department of Justice at 950 Pennsylvania Avenue, N.W., Washington, D.C.,
and the United States Attorney's Office in Sacramento.  Docket Nos. 49, 50.

28

1

## II.  DISCUSSION

2

### A.    Plaintiffs' Request For Relief Is Moot

3        The "exercise of judicial power under [Article] III of the Constitution depends on the existence

4   of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  "[A]n actual controversy

5   must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v.*

6   *Thompson*, 415 U.S. 452, 459 n.10 (1974).  A "live" controversy exists "[a]s long as effective relief

7   may still be available to counteract the effects of the violation." *Nw. Envtl. Def. Ctr. v. Gordon*, 849

8   F.2d 1241, 1245 (9th Cir. 1988).  A case is moot when "the issues presented are no longer 'live' or the

9   parties lack a legally cognizable interest in the outcome." *Id.* at 1244 (quoting *Murphy v. Hunt*, 455

10  U.S. 478, 481 (1982) (per curiam)).  Federal courts lack jurisdiction "to give opinions upon moot

11  questions or abstract propositions, or to declare principles or rules of law which cannot affect the

12  matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12

13  (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).  "Where the activities sought to be enjoined

14  have already occurred, and . . . courts cannot undo what has already been done, the action is moot."

15  *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978).  When a case becomes

16  moot, federal courts cease to have jurisdiction over it.  *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472,

17  477-78 (1990).

18        Here, the only relief sought in plaintiffs' Emergency 60B Motion is "to enjoin Defendant

19  Barack Obama from taking the oath of office as a U.S. President on the inauguration day due to his

20  lack of legitimacy for office and fraud committed by him, as the citizen of Indonesia Barack Hussein

21  Obama, aka Barack (Barry) Soetero, aka Barack (Barry) Obama Soebarkah, due to his run for the U.S.

22  Presidency and position of the Commander in-Chief, while using a forged short form birth certificate,

23  forged long form birth certificate forged selective Service certificate and a stolen Connecticut Social

24  Security number xxx-xx-4425 as a proof of his legitimacy and fitness for office."  Plaintiffs'

25  Emergency 60B Motion at 2.  However, the President took the oath of office and began his second term

26  as President of the United States on January 20, 2013.  *See* U.S. Const. Amend. XX, § 1.  Accordingly,

27  plaintiffs' request for relief is moot and the Emergency 60B Motion should therefore be denied.

28

**B.     Fed. R. Civ. P. 60(b)**

In addition to the fact that plaintiffs' request for relief is moot, plaintiffs have not established any basis for disturbing the Court's Order denying plaintiffs' motion for a temporary restraining order.

Fed. R. Civ. P. 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  In this case, it appears that plaintiffs are asking the Court to reconsider its Order denying their motion for a temporary restraining order on the basis of fraud.  A court may vacate an order based on fraud on the court only when the fraud is established by clear and convincing evidence.  *See United States v. Estate of Stonehill*, 660 F.3d 415, 443-44 (9th Cir. 2011).  "Most fraud on the court cases involve a scheme by one party to hide a key fact from the court and the opposing party."  *Id.* at 444.

Plaintiffs have made no showing, much less a showing by clear and convincing evidence, that a fraud has been committed on the court within the meaning of Fed. R. Civ. P. 60(b).  It appears that plaintiffs are suggesting that because an elector from the State of Arizona by the name of Don Ascoli never authorized the United States Attorney's Office to oppose plaintiffs' motion for a temporary restraining order, a fraud was committed against the court.  Plaintiffs' Emergency 60B Motion at 4.  Mr. Ascoli, however, is not a named defendant in this action.  Moreover, although plaintiffs named the "Electoral College" as a defendant in this action, defendants pointed out in their opposition to the motion for a temporary restraining order that the Electoral College is actually comprised of individual electors chosen by each state and the District of Columbia who vote in their home states, not in a common assembly.  *See* Art. II, § 1, cl. 2; U.S. Const. Amend. XII.  "The Electoral College itself is not an agency or person subject to suit."  *See Hollman v. United States Electoral College*, 2009 WL 1114146, at *1 (W.D. Ark. Apr. 24, 2009).

Similarly, it appears that plaintiffs are suggesting that because Mike Rogers, a Representative from the state of Michigan, "did not know anything about the opposition to TRO filed on behalf of congressman Rogers," and Senator John McCain "was completely clueless about the fact that he was

1   even a defendant in this case," a fraud was committed against the court.  Plaintiffs' Emergency 60B

2   Motion at 5.  Representative Rogers and Senator McCain, however, are not named defendants in this

3   action.  Plaintiffs named only "Congress" as a defendant in their action.

4         Finally, plaintiffs's request that this Court appoint a special prosecutor to investigate

5   "Obamaforgerygate" and fraud/obstruction of justice, and their assertion that this Court and the

6   defendants may be prosecuted under RICO if they "certify Obama as a legitimate president," are

7   patently frivolous.  *See* Plaintiffs' Emergency 60B Motion at 5, 14.

**III.  CONCLUSION**

9         For the foregoing reasons, plaintiffs' Emergency 60B Motion should be denied.

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

Date:  February 7, 2013

By    */s/ Edward A. Olsen*
      EDWARD A. OLSEN
      Assistant United States Attorney