1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  DOUGLAS J. WOODS, State Bar No. 161531
   Senior Assistant Attorney General
3  GEORGE WATERS, State Bar No. 88295
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 323-8050
6    Fax:  (916) 324-8835
     E-mail:  George.Waters@doj.ca.gov
7  *Attorneys for Defendants Edmund G. Brown Jr.,*
   *Governor of California, and Debra Bowen,*
8  *Secretary of State of California*

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13  | | |
    |---|---|
    | **JAMES GRINOLS, et al.,** | 12-CV-02997 |
    | Plaintiffs, | |
    | v. | **STATE DEFENDANTS' NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES [Fed. R. Civ. P. 12(b)(1) and 12(b)(6)]** |
    | **ELECTORAL COLLEGE, et al.,** | |
    | Defendants. | |

    Date:        April 18, 2013
    Time:        2:00 p.m.
    Dept:        7
    Judge:       The Honorable Morrison C.
                 England, Jr.
    Action Filed: 12/13/2012

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Notice of Motion and Motion ................................................................................................. 1

Introduction ........................................................................................................................... 2

Factual background and litigation history ............................................................................. 3

     I.     The 2012 presidential election in California ............................................... 3

     II.    California's presidential Electors cast their Electoral College votes on
           December 17, 2012 ..................................................................................... 3

     III.   Plaintiffs' original complaint and unsuccessful Motion for a Temporary
           Restraining Order ...................................................................................... 5

     IV.   Plaintiffs' first amended complaint ............................................................ 6

Legal standard ....................................................................................................................... 7

Argument ............................................................................................................................... 8

     I.     This case is moot as to the State Defendants ............................................. 8

     II.    This case presents a nonjusticiable political question ............................. 10

     III.   The amended complaint fails to state an equal protection claim for
           "invalid" voter registrations ................................................................... 12

Conclusion .......................................................................................................................... 14

1

## TABLE OF AUTHORITIES

2

**Page**

3

CASES

4

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*
   300 U.S. 227 (1937) .................................................................................... 9, 10

5

6

*Arizona Christian Sch. Tuition Org. v. Winn*
   ___ U.S. ___, 131 S.Ct. 1436 (2011) ............................................................. 8

7

*Baker v. Carr*
   369 U.S. 186 (1962) ....................................................................................... 2

8

9

*Balistreri v. Pacifica Police Dep't*
   901 F.2d 696 (9th Cir. 1990) ....................................................................... 12

10

11

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007) ........................................................................ 3, 7, 8, 12

12

*Bush v. Gore*
   531 U.S. 98 (2000) ................................................................................. 13, 14

13

14

*Center For Biological Diversity v. Lohn*
   511 F.3d 960 (9th Cir. 2007) ......................................................................... 9

15

16

*Chafin v. Chafin*
   ___ U.S.___, 2013 WL 598436 (2013) .......................................................... 8

17

*Chandler v. State Farm Mut. Auto. Ins. Co.*
   598 F.3d 1115 (9th Cir. 2010) ....................................................................... 7

18

19

*Charfauros v. Board of Elections*
   249 F.3d 941 (9th Cir. 2001) ....................................................................... 14

20

21

*Church of Scientology of California v. U.S.*
   506 U.S. 9 (1992) ...................................................................................... 2, 8

22

*Crawford v. Marion County Election Bd.*
   553 U.S. 181 (2008) ....................................................................................... 3

23

24

*Fayer v. Vaughn*
   649 F.3d 1061 (9th Cir. 2011) .............................................................. 3, 8, 13

25

*Friends of the Earth, Inc. v. Bergland*
   576 F.2d 1377 (9th Cir. 1978) .................................................................... 8, 9

26

27

*Headwaters, Inc. v. Bureau of Land Management*
   893 F.2d 1012 (9th Cir. 1989) .............................................................. 8, 9, 10

28

ii

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*Ileto v. Glock, Inc.*
   349 F.3d 1191 (9th Cir. 2003)............................................................................... 7

4

5

*Keyes v. Bowen*
   189 Cal.App.4th 647 (2010) ............................................................................... 10

6

*Kokkonen v. Guardian Life Ins. Co. of America*
   511 U.S. 375 (1994)............................................................................................... 7

7

8

*Lee v. Schmidt–Wenzel*
   766 F.2d 1387 (9th Cir. 1985).............................................................................. 10

9

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992).......................................................................................... 8, 10

10

11

*Mack v. South Bay Beer Distribs.*
   798 F.2d 1279 (9th Cir. 1986)............................................................................... 8

12

13

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*
   312 U.S. 270 (1941)............................................................................................... 9

14

*Mendiondo v. Centinela Hosp. Med. Ctr.*
   521 F.3d 1097 (9th Cir. 2008)............................................................................... 7

15

16

*Mullis v. United States Bankruptcy Court*
   828 F.2d 1385 (9th Cir. 1987)............................................................................... 8

17

18

*Pennhurst State School & Hosp. v. Halderman*
   465 U.S. 89 (1984).............................................................................................. 12

19

*Safe Air for Everyone v. Meyer*
   373 F.3d 1035 (9th Cir. 2004)............................................................................... 7

20

21

*Southern Pacific Terminal Co. v. ICC*
   219 U.S. 498 (1911)............................................................................................ 10

22

23

*Super Tire Engineering Co. v. McCorkle*
   416 U.S. 115 (1974)............................................................................................... 9

24

*Wolfe v. Strankman*
   392 F.3d 358 (9th Cir. 2010)................................................................................. 7

25

26

**STATUTES**

27

3 U.S.C. § 6 .......................................................................................................... 4

28

iii

## TABLE OF AUTHORITIES
**(continued)**

**Page**

3 U.S.C. § 7 ........................................................................................................................ 4

3 U.S.C. § 8 ........................................................................................................................ 4

3 U.S.C. § 9 ........................................................................................................................ 4

42 U.S.C. § 1973gg-4(a)(1): ........................................................................................... 13

42 U.S.C. § 1973gg-6(a)(4) ............................................................................................. 13

42 U.S.C. § 1973gg-7(a) ................................................................................................. 13

California Elections Code § 2150 ............................................................................... 12, 13

California Elections Code § 16100(d) ............................................................................... 14

**CONSTITUTIONAL PROVISIONS**

Article II, § 1, United States Constitution ........................................................................ 3

U.S. Constitutional Amendment XI ........................................................................... 12, 13

U.S. Constitutional Amendment XII ................................................................................. 4

U.S. Constitutional Amendment XX, § 1 .......................................................................... 5

U.S. Constitutional Amendment XXII, § 1 ..................................................................... 10

**COURT RULES**

Federal Rules of Civil Procedure 11 ................................................................................. 7

Federal Rules of Civil Procedure 12 ................................................................... 1, 7, 8, 12

Federal Rules of Civil Procedure 12(b)(6) ........................................................................ 1

Federal Rules of Evidence. 201(b)(2) ............................................................................... 3

Local Rule 231 .................................................................................................................. 5

**OTHER AUTHORITIES**

H.J. Res. 122, 112th Cong. (2012) ................................................................................... 4

159 Cong.Rec. H49-H50 ................................................................................................... 4

State Defendants; Notice of Motion and Motion to Dismiss First Amended Complaint (12-CV-02997)

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and*

4

*Procedure: Jurisdiction 3d* § 3533 at 715-16 (2008).............................................. 8

5

http://www.archives.gov/federal-register/electoral-college/2012/certificates-of ........................... 4

6

http://www.archives.gov/federal-register/electoral-college/procedural_guide.html. .................... 3

7

http://www.eac.gov/voter_resources/register_to_vote.aspx. ....................................................... 13

8

http://www.sos.ca.gov/elections/elections_faq.htm....................................................................... 13

9

Jack Maskell & Elizabeth Rybicki, *Counting Electoral Votes: An Overview of Procedures*

*at the Joint Session, Including Objections by Members of Congress* at 2 ............................... 4

10

11

*Statement of Vote, November 6, 2012 General Election*................................................................ 3

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 18, 2013, at 2:00 p.m., or as soon thereafter as the matter may be heard, at the United States Courthouse located at 501 I Street, Sacramento, California, 95814, Courtroom 7, 14th Floor, defendants Edmund G. Brown Jr., Governor of California, and Debra Bowen, Secretary of State of California, will move to dismiss plaintiffs' First Amended Complaint with prejudice for lack of subject matter jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is based upon this notice of motion and motion; the attached points and authorities; the accompanying Request for Judicial Notice and Declaration of John Kim; all other papers, documents, or exhibits on file or to be filed in this action to the extent they are judicially-noticeable; and the argument to be made at any hearing on the motion ordered by this Court.

Dated:  February 28, 2013                    Respectfully Submitted,

                                             Kamala D. Harris
                                             Attorney General of California
                                             Douglas J. Woods
                                             Senior Assistant Attorney General

                                             */s/ George Waters*

                                             George Waters
                                             Deputy Attorney General
                                             *Attorneys for Defendants Edmund G. Brown*
                                             *Jr., Governor of California, and Debra*
                                             *Bowen, Secretary of State of California*

**INTRODUCTION**

This Motion to Dismiss is filed on behalf of California Governor Edmund G. Brown Jr. and California Secretary of State Debra Bowen (the "state defendants").

Plaintiffs' first amended complaint ("amended complaint") alleges that President Barack Obama was not born in the United States and therefore is ineligible to hold the office of President.  Thus the amended complaint seeks to restrain various government officials from taking ministerial actions necessary to process and count Electoral College votes to determine the next President of the United States.  As to the state defendants, the amended complaint seeks to enjoin the execution and transmittal of California's Certificate of Ascertainment (a formal list of the Electors chosen in California) and California's Certificate of Vote (which records how the Electors cast their votes).

For two reasons, this Court does not have subject matter jurisdiction to decide plaintiffs' claims.  First, the case is moot as to the state defendants.  A federal court has no jurisdiction "'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'"  *Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).  The two certificates that plaintiffs seek to restrain have already been executed and transmitted to the appropriate federal officials, and California's Electoral College votes have already been counted at a Joint Session of Congress (as have the Electoral College votes of the other 49 States and the District of Columbia).  Second, as the Court has already concluded in its order denying plaintiffs' motion for a temporary restraining order, the question whether President Obama may legitimately run for office and serve as President is a political question that a court cannot answer.  *See Baker v. Carr*, 369 U.S. 186, 210 (1962).

In a transparent attempt to avoid the jurisdictional defects of the original complaint, plaintiffs' amended complaint adds a new claim for declaratory and injunctive relief concerning an alleged 1.5 million "invalid" voter registrations.  This claim is wholly independent from plaintiffs' claims concerning President Barack Obama's eligibility to hold the office of President. This new claim must be dismissed because it fails to state a claim "that is plausible on its face."

2

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (conclusory legal allegations and unwarranted factual inferences will not defeat a motion to dismiss).  On its face, the amended complaint manifests a fundamental misunderstanding of state and federal law governing voter registration.

For these reasons, as more fully explained below, plaintiffs' complaint should be dismissed without leave to amend.

## FACTUAL BACKGROUND AND LITIGATION HISTORY

### I.    THE 2012 PRESIDENTIAL ELECTION IN CALIFORNIA

The 2012 presidential election was held on November 6.  In California, the Democratic incumbent, Barack Obama, defeated the Republican challenger, Mitt Romney, by a margin of 60.2% to 37.1% (about 3 million votes).  Exh. D to State Defendants' Request for Judicial Notice (California Secretary of State's *Statement of Vote, November 6, 2012 General Election*), at p. 7.

### II.   CALIFORNIA'S PRESIDENTIAL ELECTORS CAST THEIR ELECTORAL COLLEGE VOTES ON DECEMBER 17, 2012

Under Article II, section 1, clause 2 of the United States Constitution, the voters of each state choose electors on Election Day to serve in the Electoral College.  The number of electors in each state is equal to the number of members of Congress to which the state is entitled.  *See* art. II, § 1, cl. 2.  There are a total of 538 electors because there are 435 representatives and 100 senators, plus 3 electors allocated to Washington, D.C. under the Twenty-Third Amendment.  *See* art. II, § 1, cl. 2; *see also* http://www.archives.gov/federal-register/electoral-college/procedural_guide.html.[1]  Thus it takes a minimum of 270 electoral votes to be elected President.

Of particular relevance to this case, California officials have two specific, time-sensitive duties concerning California's Electoral College votes.  First, as soon as the election results are

---

[1]  The Court may take judicial notice of information on government websites.  *See* Fed. R. Evid. 201(b)(2) (allowing a court to take judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Crawford v. Marion County Election Bd.*, 553 U.S. 181, 199 n.18 (2008) (taking judicial notice of information on government website).

1    final, the Governor is required to prepare and sign a Certificate of Ascertainment, which is a

2    formal list of the names of the electors chosen in that state, as well as the names of all other

3    candidates for elector, and the number of votes cast for each.  *See* 3 U.S.C. § 6.  Second, once the

4    state's electors have met and voted,[2] they must sign a Certificate of Vote containing two distinct

5    lists, one being the votes for President and the other the votes for Vice President.  Both

6    documents are witnessed by the Secretary of State.  *See* 3 U.S.C. § 9; *see also* Jack Maskell &

7    Elizabeth Rybicki, *Counting Electoral Votes: An Overview of Procedures at the Joint Session,*

8    *Including Objections by Members of Congress* at 2, Congressional Research Service (Nov. 30,

9    2012).

10         California's Certificate of Ascertainment was executed by Governor Brown on

11    December 15, 2012.  Exh. A to State Defendants' Request for Judicial Notice.  California's

12    Certificate of Vote was executed by the Electoral College, and witnessed by Secretary of State

13    Debra Bowen, on December 17, 2012.  Exh. B to State Defendants' Request for Judicial Notice.

14    On December 18, 2012, both certificates were forwarded to the President of the United States

15    Senate as required by law.[3]  Declaration of John Kim, ¶ 1.

16         On January 4, 2013, the electoral votes were counted at a joint session of the Senate and the

17    House of Representatives, meeting in the House Chamber.  *See* H.J. Res. 122, 112th Cong. (2012)

18    (setting date).  The tally officially confirmed that Mr. Obama was the winner with 332 electoral

19    votes to Mr. Romney's 206 votes.  Exh. C to State Defendants' Request for Judicial Notice (159

20    Cong.Rec. H49-H50, January 4, 2013).  Mr. Obama began his second term as President of the

21    United States on January 20, 2013.  *See* U.S. Const. amend. XX, § 1.

22

23         [2]  Electors chosen meet in their respective state capitals on the Monday after the second

24    Wednesday in December (December 17, 2012), at which time they cast their votes on separate ballots for President and Vice-President.  *See* U.S. Const. amend. XII; 3 U.S.C. §§ 7, 8.

25         [3]  *See* 3 U.S.C. § 6 (Certificate of Ascertainment), §§ 8-11 (Certificate of Vote).

26    California's Certificate of Ascertainment is posted on the Archivist of the United States' website at http://www.archives.gov/federal-register/electoral-college/2012/certificates-of

27    ascertainment.html.  California's Certificate of Vote is posted on the Archivist of the United States' website at http://www.archives.gov/federal-register/electoral-college/2012/certificates-of vote.html.

28

III.    **PLAINTIFFS' ORIGINAL COMPLAINT AND UNSUCCESSFUL MOTION FOR A TEMPORARY RESTRAINING ORDER**

On December 13, 2013, plaintiffs[4] filed a document entitled "Declaratory and Injunctive Relief, Petition for Extraordinary Emergency Writ of Mandamus/Stay of Certification of votes for Presidential Candidate Obama due to elections fraud and his use of invalid/forged/fraudulently obtained IDs." Dkt. 2. Generally speaking, this document (the "complaint") alleged that President Barack Obama was not born in the United States and therefore is ineligible to hold the office of President. The complaint sought to restrain various government officials from taking ministerial actions necessary to process and count Electoral College votes to determine the next President of the United States. Although the complaint was sent by FedEx to the California Attorney General on December 18, 2012 (Dkt. 9), it was not served on either of the state defendants until January 7, 2013. Dkt. 50.

On December 14, 2013, this Court issued an order noting that plaintiffs had not filed any of the documents required by Local Rule 231 for issuance of a temporary restraining order. Dkt. 8. The Court's order informed plaintiffs, "If plaintiffs wish to proceed with their request for a temporary restraining order, they are hereby ordered to file the above-listed documents by December 21, 2012." *Id*. Plaintiffs waited until December 20 to file their motion for temporary restraining order. Dkt. 12. By this time California's Electoral College delegates already had cast their votes and California's Certificate of Ascertainment and Certificate of Vote already had been completed and transmitted to the President of the United States Senate. Declaration of John Kim, ¶ 1. Plaintiffs' motion sought to restrain (1) the California Secretary of State and Governor from certifying the Certificate of Ascertainment, (2) the Electoral College from tallying the 2012 presidential election votes, (3) the Governor of California from forwarding the Certificate of Vote to the United States Congress, (4) the President of the United States Senate from presenting the Certificate of Vote to the United States Congress, (5) the United States Congress from confirming

---

[4] At the time the original complaint was filed, plaintiffs allegedly were the winner of the American Independent Party primary for President (Edward Noonan), two candidates for President (Keith Judd and Thomas Macleran), a Republican presidential elector (James Grinols), and a Libertarian presidential elector (Robert Odden). Dkt. 2, pp. 2-3.

1   the Presidential election results, and (6) President Obama from taking the oath of office on

2   January 20, 2013.  Dkt. 12.  The Court, on its own motion, set a hearing on plaintiffs' motion for

3   January 3, 2013.  Dkt. 13.

4         Plaintiffs' motion for a temporary restraining order was denied orally at the January 3

5   hearing and by a subsequent written order.  Dkt. 52.  The Court concluded that plaintiffs are

6   unlikely to succeed on the merits, principally because the relief they seek violates the Separation

7   of Powers and Political Question doctrines.  Dkt. 52, p. 4.  With respect to the state defendants,

8   the Court noted that plaintiffs' claims are moot:

9
> California officials completed the Certificate of Ascertainment for California's
10   > electors of President and Vice President chosen in the 2012 general election on
> December 15, 2012 and the Certificate of Vote for the same offices on December 17,
11   > 2012.  (ECF No. 26.)  These Certificates were sent to Congress in December 2012.
> *Id.*  Plaintiffs, therefore, request that the Court stop an action that has already taken
12   > place.  The Court cannot prevent California from doing what it has already done.
> Thus, Plaintiffs' request for relief with respect to California is moot.

13   Dkt. 52, p. 4, n.1.

14   **IV.  PLAINTIFFS' FIRST AMENDED COMPLAINT**

15         On January 28, 2013 the state defendants filed a motion to dismiss the original complaint

16   on the grounds that this action is moot as to them and presents a nonjusticiable political question.

17   Dkt. 58.  Plaintiffs responded by filing an amended complaint.  Dkt. 69-1.  As a result, the state

18   defendants withdrew their first motion to dismiss.  Dkt. 72.

19         Apparently in an effort to avoid dismissal for mootness, the amended complaint adds

20   allegations not directly tied to the 2012 presidential election.  Orly Taitz (plaintiffs' attorney) is

21   added as a plaintiff.  Ms. Taitz alleges that she was a candidate for office in 2010 and 2012

22   (though not for president) and that she is "aggrieved" by more than 1.5 million invalid voter

23   registrations in California.  Dkt. 69-1, p. 4.

24         The amended complaint is not signed.[5]  Dkt. 69-1.  It does not contain a claim for relief; it

25   ends mid-sentence on page 21.  *Id.*  It is relatively clear, however, that with regard to the new

26   allegations concerning Ms. Taitz, the amended complaint seeks declaratory and injunctive relief

27

28        [5]  Every pleading must be signed.  Fed. R. Civ. P. 11(a).

6

1    "to clean up California voter roles [sic] and having [sic] a special election."  Dkt. 69-1, p. 18.

2    Otherwise there does not appear to be any difference between the original complaint and the

3    amended complaint.

4                                    **LEGAL STANDARD**

5         A challenge to standing is properly raised in a Rule 12(b)(1) motion to dismiss for lack of

6    subject-matter jurisdiction.  *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th

7    Cir. 2010).  Federal courts are courts of limited jurisdiction.  Thus it is presumed that a cause lies

8    outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

9    asserting jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

10        The party challenging jurisdiction may either make a facial attack on the allegations of

11   jurisdiction contained in the complaint or a factual attack disputing the truth of the allegations in

12   the pleading.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2010).  If the motion constitutes a

13   facial attack, the court must consider the factual allegations of the complaint to be true.  *Id.*  If the

14   motion constitutes a factual attack, no presumptive truthfulness attaches to plaintiff's allegations,

15   and the existence of disputed material facts will not preclude the trial court from evaluating for

16   itself the merits of jurisdictional claims.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

17   (9th Cir. 2004).

18        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *See*

19   *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Dismissal may be based on the

20   lack of a cognizable legal theory or the absence of sufficient facts to support such a theory.

21   *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint

22   must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a

23   cause of action."  *Twombly,* 550 U.S. at 555.  Conclusory legal allegations and unwarranted

24   factual inferences will not defeat a motion to dismiss.  *Vaughn*, 649 F.3d at 1064.  In other words,

25   plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."

26   *Twombly,* 550 U.S. at 570.

27        In ruling on a motion under Rule 12(b)(6), the court may consider facts which can be

28   judicially noticed, including the records and reports of administrative bodies.  *Mullis v. United*

                                           7

1    *States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987); *Mack v. South Bay Beer Distribs.*,

2    798 F.2d 1279, 1282 (9th Cir. 1986).

3    **ARGUMENT**

4    **I.   THIS CASE IS MOOT AS TO THE STATE DEFENDANTS**

5          Article III provides that federal courts have the power to resolve "Cases" or

6    "Controversies." *Arizona Christian Sch. Tuition Org. v. Winn*, ___ U.S. ___, 131 S.Ct. 1436,

7    1441 (2011). "To obtain a determination on the merits in federal court, parties seeking relief

8    must show that they have standing under Article III of the Constitution." *Id.* at 1440. To satisfy

9    Article III standing, at a minimum, (1) the party seeking relief must have suffered an injury in

10    fact, (2) there must be "a causal connection between the injury and the conduct complained of,"

11    and (3) it must be likely the injury will be redressed by a favorable decision. *Lujan v. Defenders*

12    *of Wildlife,* 504 U.S. 555, 560-61 (1992).

13          A case is not justiciable under Article III once it becomes moot. A federal court has no

14    authority "'to give opinions upon moot questions or abstract propositions, or to declare principles

15    or rules of law which cannot affect the matter in issue in the case before it.'" *Church of*

16    *Scientology of California*, 506 U.S. at 12 (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). It

17    does not suffice that a dispute was live at the time of filing. To satisfy Article III, a dispute must

18    remain alive throughout the course of litigation, to the moment of final appellate resolution.

19    *Chafin v. Chafin*, ___ U.S.___, 2013 WL 598436, *5 (2013); 13B Charles A. Wright, Arthur R.

20    Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3533 at 715-16

21    (2008). Thus "[w]here the activities sought to be enjoined have already occurred, and . . . courts

22    cannot undo what has already been done, the action is moot." *Friends of the Earth, Inc. v.*

23    *Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978); *see also Headwaters, Inc. v. Bureau of Land*

24    *Management*, 893 F.2d 1012, 1016 (9th Cir. 1989) (where trees have already been logged, action

25    to enjoin their logging is moot).

26          Regarding plaintiffs' claims concerning President Obama's eligibility to be President, this

27    case is moot as to the state defendants. The only injunctive relief sought against the state

28    defendants is a stay of California's Certificate of Ascertainment, which is a list of the Presidential

8

1 and Vice-Presidential Electors elected at the November 6, 2012 general election.  Dkt. 2 at p. 29.

2 Plaintiffs' subsequent motion for temporary restraining order sought additionally to restrain the

3 forwarding to Congress of California's Certificate of Vote.  (The Certificate of Vote records how

4 the Electors actually voted.)  But these documents were executed on December 15, 2012

5 (Certificate of Ascertainment) and December 17, 2012 (Certificate of Vote), and promptly

6 forwarded to the President of the United States Senate on December 18, 2012.  *See* Exh. A to this

7 Motion (Certificate of Ascertainment); Exh. B to this Motion (Certificate of Vote); Declaration of

8 John Kim, ¶ 1.  There is no live dispute as to these documents because they have been executed

9 and transmitted.  The actions sought to be restrained have already occurred, and cannot now be

10 restrained as requested.  *See Friends of the Earth*, 576 F.2d at 1379; *Headwaters, Inc.*, 893 F.2d

11 at 1016.

12       Plaintiffs' claim for declaratory relief also is moot.  A claim for declaratory relief is subject

13 to the case-and-controversy requirement of Article III just as any other claim.  *Aetna Life Ins. Co.*

14 *of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937) (Declaratory Judgment Act does not

15 extend jurisdiction to controversies that are academic or moot).  To be justiciable, a declaratory

16 relief claim must "show that there is a substantial controversy, between parties having adverse

17 legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

18 judgment."  *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Now that

19 the state defendants have completed California's Certificate of Ascertainment and Certificate of

20 Vote, there is no live controversy between the parties.  *See Super Tire Engineering Co. v.*

21 *McCorkle*, 416 U.S. 115, 123 (1974) (no case or controversy warranting declaratory relief exists

22 where purported "adverse effect" is so remote that there is "no tangible prejudice to the existing

23 interests of the parties"); *Center For Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir.

24 2007) (same).  Any remaining dispute between the parties is academic and not justiciable.  *See*

25 *Aetna Life Ins. Co.*, 300 U.S. at 240-41; *Keyes v. Bowen*, 189 Cal.App.4th 647, 661 (2010), *cert.*

26 *den.* ___ U.S. ___, 132 S.Ct. 99 (2011) (California Secretary of State has no duty to investigate

27 and determine whether a presidential candidate is constitutionally eligible for office).

28

1   An exception to the mootness doctrine exists for allegedly illegal government actions that

2   are capable of repetition, yet evading review.  *Southern Pacific Terminal Co. v. ICC*, 219 U.S.

3   498, 515 (1911); *Headwaters, Inc.*, 893 F.2d at 1016.  But "[t]he 'repetition/evasion' exception is

4   a narrow one, and applies only in 'exceptional situations.'"  *Lee v. Schmidt–Wenzel,* 766 F.2d

5   1387, 1390 (9th Cir. 1985) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).  The

6   exception does not apply here because the allegedly illegal acts challenged by plaintiffs cannot be

7   repeated in the future.  President Obama has been elected to a second term as President of the

8   United States.  The Twenty-Second Amendment prohibits persons from being elected to the

9   office of President more than twice.  U.S. Const. amend. XXII, § 1.  California will never again

10  execute a Certificate of Ascertainment or a Certificate of Vote for Electoral College delegates

11  pledged to President Obama.  Thus plaintiffs' claims as to the state defendants cannot recur.

12      Because plaintiffs' alleged injuries cannot be remedied by a favorable decision, plaintiffs'

13  claims against the state defendants are moot.  *Lujan*, 504 U.S. at 560-61.

14  **II.   THIS CASE PRESENTS A NONJUSTICIABLE POLITICAL QUESTION**

15      The Court's order denying plaintiffs' motion for a temporary restraining order concluded

16  that "the question presented by Plaintiffs in this case—whether President Obama may

17  legitimately run for office and serve as President—is a political question that the Court may not

18  answer."  Dkt. 52, p. 8.  This is an additional, separate reason why this action should be dismissed

19  for lack of subject matter jurisdiction.  With apologies for the lengthy quotation, but believing it

20  is the most efficient means by which to make the point, the relevant passage from the Court's

21  previous order is presented below:

22      The political question doctrine arises out of the Constitution's division of
    powers, and provides that certain questions are political as opposed to legal, and
23      therefore off limits to the Court.  *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980
    (9th Cir. 2007) ("The Supreme Court has indicated that disputes involving political
24      questions lie outside of the Article III jurisdiction of federal courts.").  The doctrine
    exists because the Constitution prohibits "a court from interfering in a political matter
25      that is principally within the dominion of another branch of government."  *Banner v.
    U.S.*, 303 F. Supp. 2d 1, 9 (D.D.C. 2004) (citing *Spence v. Clinton*, 942 F. Supp. 32,
26      39 (D.D.C. 1996)).  The doctrine of separation of powers requires that political issues
    be resolved by the political branches rather than by the judiciary.  *See Corrie*, 503
27      F.3d at 980.  In other words, "[t]he political question doctrine serves to prevent the
    federal courts from intruding unduly on certain policy choices and value judgments

28

10

that are constitutionally committed to Congress or the executive branch." *Koohi v. U.S.*, 976 F.2d 1328, 1331 (9th Cir. 1992).

To determine whether an issue is a "political question" that the Court is barred from hearing, the Court considers whether the matter has "in any measure been committed by the Constitution to another branch of government." *Baker v. Carr*, 369 U.S. 186, 210 (1962). The Supreme Court has set forth six factors indicating the existence of a political question. *Id.* at 217. The first factor—whether there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department"—is the one most relevant to the present case. *Id.*

The natural born citizen clause "is couched in absolute terms of qualification and does not designate which branch should evaluate whether the qualifications are fulfilled." *Barnett v. Obama*, No. SACV 09-0082 DOC (ANx), 2009 WL 3861788, at *12 (C.D. Cal. Oct. 29, 2009). Accordingly, the Court must look to the text of the Constitution to determine whether the Constitution "speaks to which branch of government has the power to evaluate the qualifications of a president." *Id.* The Court finds that numerous articles and amendments of the Constitution together make clear that the issue of the President's qualifications and his removal from office are textually committed to the legislative branch, and not the Courts. First, Article II, Section 1 of the Constitution established the Electoral College as the means of electing the President, but the Constitution also empowers "Congress [to] determine the time of choosing the electors, and the day on which they shall give their votes . . . ." U.S. Const. art. II, § 1. The Twelfth Amendment empowers the President of the Senate (who is the Vice President of the United States) to preside over a meeting between both the House of Representatives and the Senate in which the Vice President counts the electoral votes. U.S. Const. amend. XII. If no candidate receives a majority of presidential votes, the Twelfth Amendment authorizes the House of Representatives to choose a President between the top three candidates. *Id.* The Twentieth Amendment empowers Congress to create a procedure in the event that neither the President-elect nor Vice President-elect qualifies to serve as President. U.S. Const. amend. XX, § 4.

Additionally, the Twenty-Fifth Amendment provides for removal of the President should he be unfit to serve. U.S. Const. amend. XXV. Finally, and perhaps most importantly, the Constitution gives Congress, and Congress alone, the power to remove the President. U.S. Const. art. I, § 2, cl. 5; U.S. Const. art. I, § 3, cl. 6; U.S. Const. art. I, § 7. Nowhere does the Constitution empower the Judiciary to remove the President from office or enjoin the President of the United States from taking office.

These various articles and amendments of the Constitution make it clear that the Constitution assigns to Congress, and not the Courts, the responsibility of determining whether a person is qualified to serve as President. As such, the question presented by Plaintiffs in this case—whether President Obama may legitimately run for office and serve as President—is a political question that the Court may not answer. If the Court were to answer that question, the Court would "[interfere] in a political matter that is principally within the dominion of another branch of government." *See Banner*, 303 F. Supp. 2d at 9. This Court, or any other federal court, cannot reach a decision on the merits of a political question because doing so would ignore the Constitutional limits imposed on the courts. Accordingly, Plaintiffs ask the Court to answer a question the Constitution bars the Court from answering.

Dkt. 52, pp. 6-8.

11

1    The Court's words previously presented in the context of the temporary restraining order

2    proceedings apply with no less force here in the context of the state defendants' Rule 12(b)

3    motion, and the political question doctrine thus provides an independent ground for dismissal of

4    plaintiffs' claims with prejudice.

5    **III.   THE AMENDED COMPLAINT FAILS TO STATE AN EQUAL PROTECTION CLAIM FOR "INVALID" VOTER REGISTRATIONS**

6    The amended complaint adds a new claim for declaratory and injunctive relief concerning

7    alleged "invalid" voter registrations.  The claim here is that plaintiffs Taitz and Noonan, in their

8    capacity as voters and as candidates,[6] were denied their right to equal protection "as their votes

9    and votes of their supporters were outweighed by bogus votes."  Dkt. 69-1 at p. 18.  Specifically,

10   plaintiffs claim that more than one-and-one-half million voter registrations are "invalid" because

11   they do not state the voter's place of birth, in violation of California Elections Code section 2150.

12   Dkt. 69-1 at p. 15.  Thus plaintiffs seek injunctive and declaratory relief "to clean up California

13   voter [rolls]" and to have a special election.  Dkt. 69-1 at p. 18.  But in the absence of cognizable

14   legal theories or sufficient facts pleaded to support cognizable legal theories, dismissal is

15   appropriate.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  For several

16   reasons, plaintiffs' voter registration claim fails to state a claim to relief "that is plausible on its

17   face." *Twombly*, 550 U .S. at 570.

18   First, to the extent that plaintiffs assert a violation of the California Elections Code, that

19   claim is barred by the Eleventh Amendment.  *Pennhurst State School & Hosp. v. Halderman*, 465

20   U.S. 89, 121 (1984) (a claim that state officials violated state law in carrying out their official

21   responsibilities is a claim against the State that is barred by the Eleventh Amendment).

22   Second, plaintiffs' claim that 1.5 million voter registrations are "invalid" displays a basic

23   understanding of applicable law.  *See Vaughn*, 649 F.3d at 1064 (conclusory legal allegations will

24   not defeat a motion to dismiss).  The claim is based entirely on the California Elections Code,

25

26   _____

27   [6]   The first amended complaint alleges that plaintiff Noonan was the winner of the California American Independent Party nomination for President, and that plaintiff Taitz was a candidate for California Secretary of State in 2010 and a candidate for the United States Senate in 2012. Dkt. 69-1 at pp. 2-4.

28

12

1   which requires that an affidavit of registration show the state or country of an affiant's birth.  Cal.

2   Elec. Code § 2150(a)(6).  Dkt. 69-1 at p. 15.  But plaintiffs ignore the fact that since 1993 the

3   federal National Voter Registration Act ("NVRA") has required California and all other states to

4   use a uniform mail voter registration form.[7]  The mandatory federal form does not ask for the

5   state or country of a registrant's birth.  Exh. E to State Defendants' Request for Judicial Notice

6   (National Mail Voter Registration Form).[8]  Thus even accepting plaintiffs' allegations as true, the

7   fact that many California voter registration cards do not state the voter's birthplace does not

8   create a plausible claim that the registrations are "invalid."  It simply shows that many voters

9   have used the federal voter registration form.[9]

10      Third, to the extent that plaintiffs attempt to state an equal protection claim, there is no free-

11   hanging federal equal protection right "to clean up California voter [rolls]."  *See* Dkt. 69-1

12   (amended complaint) at p. 18.  In *Bush v. Gore*, 531 U.S. 98 (2000), the Supreme Court held that

13   a statewide recount of presidential election ballots may, under very limited circumstances, be

14   subject to an equal protection claim:

15          The question before the Court is not whether local entities, in the exercise of their
            expertise, may develop different systems for implementing elections.  Instead, we are
16          presented with a situation where a state court with the power to assure uniformity has
            ordered a statewide recount with minimal procedural safeguards.  *When a court*
17          *orders a statewide remedy, there must be at least some assurance that the*
            *rudimentary requirements of equal treatment and fundamental fairness are satisfied.*
18
    *Bush*, 531 U.S. at 109 (emphasis added).  To state an equal protection claim, plaintiffs must
19
    credibly allege that state election *procedures* are inconsistent "with [the state's] obligation to
20

21          [7]  *See* 42 U.S.C. § 1973gg-4(a)(1):  "Each State shall accept and use the mail voter
    registration application form prescribed by the Federal Election Commission pursuant to section
22   1973gg-7(a)(2) of this title for the registration of voters in elections for federal office."  In 2002
    responsibility for preparing the uniform voter registration form was transferred from the Federal
23   Election Commission to the federal Election Assistance Commission.  *See* 42 U.S.C. § 1973gg-
    7(a), Pub.L. 107-252, § 802(b).

24          [8]  This form is available on the Election Assistance Commission's website at
    http://www.eac.gov/voter_resources/register_to_vote.aspx.  This form can also be accessed from
25   the California Secretary of State's website at http://www.sos.ca.gov/elections/elections_faq.htm.

26          [9]  The NVRA requires state elections officials to "conduct a general program that makes a
    reasonable effort to remove names of ineligible voters" by reason of death or change in residence.
27   42 U.S.C. § 1973gg-6(a)(4).  The NVRA does not permit the removal of voters for failure to state
    the place of birth.  *Id.*
28

1  avoid arbitrary and disparate treatment of the members of its electorate."  *Id.*; *accord*, *Charfauros*

2  *v. Board of Elections*, 249 F.3d 941, 951 (9th Cir. 2001).  Here there is no allegation that

3  California election procedures are inadequate to avoid arbitrary treatment of voter registration

4  affidavits, nor could there be.  As to any particular election, any California elector has the right to

5  file an election contest asserting that illegal votes were cast.  Cal. Elec. Code § 16100(d).

6  However, no election contest was filed concerning the 2012 presidential election, and none was

7  filed concerning any of the other elections in which plaintiffs allegedly participated.

8          The amended complaint fails to state a federal claim for "invalid" voter registrations.

9                                        **CONCLUSION**

10          For the reasons set forth above, the state defendants' motion to dismiss should be granted

11  without leave to amend.

12  Dated:  February 28, 2013                         Respectfully Submitted,

13                                                    KAMALA D. HARRIS
                                                      Attorney General of California
14                                                    DOUGLAS J. WOODS
                                                      Senior Assistant Attorney General
15

16                                                    */s/ George Waters*

17                                                    GEORGE WATERS
                                                      Deputy Attorney General
18                                                    *Attorneys for Defendants Edmund G.*
                                                      *Brown Jr., Governor of California, and*
19                                                    *Debra Bowen, Secretary of State of*
                                                      *California*

20  SA2012109089
    MTD.doc
21

22

23

24

25

26

27

28

                                            14

# CERTIFICATE OF SERVICE

Case Name:   **Grinols, et al. v. Electoral**          No.   **12-CV-02997**
             **College, et al.**

I hereby certify that on <u>February 28, 2013</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### *STATE DEFENDANTS' NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES*

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>February 28, 2013</u>, at Sacramento, California.

|                          |                          |
| :----------------------: | :----------------------: |
| L. Sandoval              | */s/ L. Sandoval*        |
| Declarant                | Signature                |

11050194.doc