UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMES GRINOLS, et. al., | No. 12-cv-02997-MCE-DAD |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| ELECTORAL COLLEGE, et. al., | |
| Defendants. | |

On January 3, 2013, the Court orally denied Plaintiffs' Motion for a Temporary Restraining Order. (ECF No. 48.) Two weeks later, the Court issued a written Order detailing its decision to deny Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 54.) On January 19, 2013, Plaintiffs filed a Motion for Reconsideration. (ECF No. 56.) The Federal Defendants, California's Governor Edmund G. Brown, Jr., and California's Secretary of State Debra Bowen oppose Plaintiffs' Motion to Reconsider. (ECF Nos. 67 and 68.) [1]

Both Federal Rule of Civil Procedure 60[2] and Eastern District Local Rule 230 ("Rule 230") govern Plaintiffs' Motion for Reconsideration.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

Fed. R. Civ. P. 60(b); E.D. Cal. Local R. 230(j).  Rule 60(b) empowers the Court to relieve a party from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) judgment has been satisfied, released or discharged; and (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Local Rule 230(j) states:

> Whenever any motion has been granted or denied…and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge. . .  to whom such subsequent motion is made an affidavit or brief . . . setting forth the material facts and circumstances . . . including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Plaintiffs' Motion for Reconsideration is difficult to decipher.  (ECF No. 56.) Plaintiffs argue that their Motion should be granted due to: (1) "fraud by U.S. Attorneys claiming to represent Defendants, complicity by the U.S. Department of Justice in obstruction of justice, fraud, cover up of Obama's forged IDs and stolen Social Security Number" and  "error by the Court during January 3 TRO hearing" and because "Defense did not oppose and therefore is using a forced selective service certificate, never lawfully signed up for selective service and therefore not eligible to work in the federal government."  Id.  However, Plaintiffs failed to comply with Local Rule 230(j).  Plaintiffs did not set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

2

Instead, Plaintiffs' twenty-four page Motion for Reconsideration repeats the same arguments Plaintiffs made in their Temporary Restraining Order Motion and at the January 3 TRO Hearing.  (See TRO Hr'g TR., Jan. 3, 2013; ECF No. 12.)  Because Plaintiffs fail to describe material new facts that warrant the Court to reconsidering its decision to deny the Plaintiffs' Motion for Temporary Restraining Order, Plaintiffs' Motion for Reconsideration is DENIED.  (ECF No. 56.)

IT IS SO ORDERED.

Dated: March 1, 2013

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE