UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRINOLS, et al., | No. 2:12-cv-02997-MCE-DAD |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| ELECTORAL COLLEGE, et al., | |
| Defendants. | |

On January 30, 2013, Plaintiffs filed a "Request for an Expedited Default Judgment and a Proposed Default Judgment." (ECF No. 64.) On February 28, 2013, the Clerk's Office construed the filing to be a Motion for Default Judgment. On the same day, Plaintiffs filed an "Emergency Motion for a Stay of All Proceedings in this Court Pending Adjudication in the 9th Circuit Court of Appeals." (ECF No. 76.) Plaintiffs want the Court to enter default judgment against President Obama because Plaintiffs allege President Obama has not responded to the Complaint within twenty-one days of service. Based on the reasons below, the Court denies Plaintiffs' Motions. (ECF Nos. 64 and 76).[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

Plaintiffs filed their initial Complaint on December 13, 2012.  (ECF No. 2.)  The Plaintiffs made attempts to serve their first complaint on President Obama.  (ECF Nos. 49 and 62.)  Plaintiffs filed an Amended Complaint on February 11, 2103.  (ECF No. 69.)  The docket lacks any evidence that Plaintiffs attempted to serve any Defendants the Amended Complaint.  Despite Plaintiffs' attempts, they have failed to serve President Obama.

Federal Rule of Civil Procedure 4 governs service.[2]  It requires a plaintiff to serve a defendant within 120 days of filing a complaint.  Rule 4(i) explains how to serve the United States and its agencies, corporations, officers or employees.  Rule 4(e) spells out how to serve an individual.   Plaintiffs are adamant that they are suing President Obama as an individual, not in his capacity as the President of the United States. (ECF Nos. 54, 56 and 64.)  However, the Plaintiffs have failed to serve President Obama as Rule 4(e) requires.

Rule 4(e) provides that Plaintiffs could serve President Obama in the following ways:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;  or
>
> (2) doing any of the following:
>
>> (a) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

California law provides for three means to effect service:

> (1) Personally delivering to the individual or someone authorized to receive service (the agent). Cal. Civ. Proc. Code § 415.10.

---

[2] All future references to Rules or Rule refer to the Federal Rules of Civil Procedure unless cited otherwise.

>    (2) Leaving a copy of the summons and complaint with a responsible person at the individual's (or agent's) usual home, office, place of abode, or mailing address and afterward mailing a copy to the individual (or agent) at such home, office, place of abode, or mailing address. Id. § 415.20(b).
>
>    (3) Mailing a copy to the individual (or agent) with notice and acknowledgment forms along with a pre-paid return envelope. Service is complete when acknowledgement of receipt of summons is executed and returned to sender. Id. § 415.30.[3]

Jercich v. Cnty. of Merced, 2006 WL 3747184 *5 (E.D. Cal., Dec. 19, 2006)

Case law makes it clear that when a plaintiff proceeds against an agent of the government in his or her individual capacity, a plaintiff must effect personal service on that agent under Rule 4(e); otherwise, the Court has no jurisdiction over the defendant. See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994); Moskovits v. DEA, 774 F. Supp. 649, 652 (D.D.C. 1991) (holding that actual notice did not substitute for technically correct service under Rule 4 when service was made on the United States Attorney's office and not the defendant personally); Mulvaney v. Stetson, 470 F. Supp. 725, 731 (N.D. Ill. 1979) (concluding the court did not have personal jurisdiction over military officials because the plaintiff did not serve in the officials in their individual capacities); Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir.1982) (finding "a federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements" regardless of whether the defendant has actual notice of the lawsuit).

///

///

---

[3] "Service by mail requires that a copy of the summons and complaint be sent by first-class mail to the person to be served, with two copies of the notice and acknowledgment of receipt, and a pre-paid return envelope, addressed to sender. Cal. Civ. Proc. Code § 415.30(a). Service is complete when acknowledgment of receipt of summons is executed and returned to sender. Id. § 415.30(c). If the person who is served by this means refuses to complete and return the acknowledgment form within 20 days from the date of mailing, this person is liable for the extra costs of service by another method. Id. § 415.30(d)." Jercich, 2006 WL 3747184 at *5, n.5.

1     Plaintiffs have failed to serve President Obama in any of the legal ways described
2 above. On January 4, 2013, Plaintiffs filed an "Affidavit of Process Server" which stated
3 "[l]egal documents received by Same Day Process Service, Inc. on 12/22/2012 at
4 10:00 AM to be served upon Barack Hussein Obama a/k/a Barack (Barry) Soetoro, a/k/a
5 Barack (Barry) Obama Soebarkah; Joseph Biden in his Capacity as President of the
6 Senate; the Electoral College; United States Congress; by serving U.S. Department of
7 Justice, at 950 Pennsylvania Ave. NW, Washington, DC, 20530." Plaintiffs cannot serve
8 President Obama in his individual capacity by serving or attempting to serve the United
9 States Department of Justice. Plaintiffs must serve President Obama in one of the ways
10 described above to effectuate proper service.

11     Default judgment would be inappropriate here because there is no evidence that
12 Plaintiffs properly served President Obama. Until Plaintiffs perfect service, the Court
13 does not have jurisdiction over President Obama. Therefore, Plaintiffs' Motion for
14 Default Judgment is DENIED. (ECF No. 64.) Plaintiffs' request to stay the proceedings
15 is also DENIED.

16     IT IS SO ORDERED.

17 Dated: March 11, 2013

                                    MORRISON C. ENGLAND, JR., CHIEF JUDGE
                                    UNITED STATES DISTRICT JUDGE