1  BENJAMIN B. WAGNER
   United States Attorney
2  EDWARD A. OLSEN, CSBN 214150
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2821
   Facsimile:  (916) 554-2900
5  Email: edward.olsen@usdoj.gov

6  Attorneys for Federal Defendants

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JAMES GRINOLS, ROBERT ODDEN, in their        CASE NO.  2:12-CV-02997-MCE-DAD
    capacity as Presidential Electors; EDWARD C.
12  NOONAN, THOMAS GREGORY
    MACLERAN, KEITH JUDD, in their capacity
13  as candidates for the U.S. President; ORLY
    TAITZ in her capacity as candidate for office in
14  the state of California; EDWARD NOONAN
    and ORLY TAITZ in their capacity as          **FEDERAL DEFENDANTS' REPLY**
15  registered voters in CA and candidates for
    office in CA,
16                                               Date:     April 18, 2013
                        Plaintiffs,              Time:     2:00 p.m.
17                                               Place:    Courtroom 7, 14th Floor
    v.                                           Judge:    Morrison C. England, Jr.
18
    GOVERNOR OF CALIFORNIA,                      [Fed. R. Civ. P. 12(b)(1) and 12(b)(6)]
19  SECRETARY OF STATE OF CALIFORNIA,
    U.S. CONGRESS; ELECTORAL COLLEGE;
20  BARACK (BARRY) SOETORO, AKA
    BARACK HUSSEIN SOEBARKAH, AKA
21  ALIAS BARACK HUSSEIN OBAMA, AKA
    ALIAS BARACK A. OBAMA, AKA ALIAS
22  HARRISON (HARRY) J. BOUNEL, AKA
    ALIAS S.A. DUNHAM, in his capacity as an
23  individual and candidate for the U.S. President,
    and JOHN DOES AND JANE DOES 1-300,
24
                        Defendants.
25

26

27

28

FEDERAL DEFENDANTS' REPLY                    1

## I.  INTRODUCTION

Federal Defendants respectfully submit this Reply in response to Plaintiffs' Opposition to Federal Defendants' Motion to Dismiss ("Opposition").[1]  Federal Defendants address Plaintiffs' arguments in the order in which they are presented in the Opposition.

## II.  DISCUSSION

### A.     Presidential Elector Don Ascoli and Senator John McCain

Plaintiffs first ask this Court to deny the federal defendants' motion to dismiss because an elector from the State of Arizona by the name of Don Ascoli never authorized the United States Attorney's Office to file a motion to dismiss on his behalf.  Opposition at 4-5.  Mr. Ascoli, however, is not a named defendant in this action.  Although plaintiffs named the "Electoral College" as a defendant in this action, the Electoral College is actually comprised of individual electors chosen by each state and the District of Columbia who vote in their home states, not in a common assembly.  *See* U.S. Const. Art II, § 1, cl. 2; U.S. Const. amend. XII.  "The Electoral College itself is not an agency or person subject to suit."  *Hollman v. United States Electoral College*, No. 08-5244, 2009 WL 1114146, at *1 (W.D. Ark. Apr. 24, 2009); *see also id.* ("The presidential electors are not officers or agents of the federal government.").  To the extent that a suit against the Electoral College as a whole is cognizable, representation of that entity would equally be of the Electoral College as a whole, by necessity.

Plaintiffs also ask the Court to deny the motion to dismiss because Senator John McCain "was absolutely completely clueless about this case."  Senator McCain's familiarity with this case is irrelevant because, like Mr. Ascoli, Senator McCain is not a named defendant.  Opposition at 5.  Plaintiffs only named "U.S. Congress" as a defendant.[2]

---

[1] The undersigned represents the United States, Congress, and any federal employees and officials named in their official capacity.  In addition, the undersigned appears here to "attend to the interests of the United States."  28 U.S.C. §§ 517, 547.  It should be noted that, although plaintiffs list the "President of the Senate" in their Opposition, the "President of the Senate" is not listed as a defendant in plaintiffs' First Amended Complaint.  *See* Docket No. 69.

[2] Although plaintiffs state in their Opposition that letters from Mr. Ascoli and Senator McCain are attached as Exhibits 1 and 2, the letters are not in fact attached to the Opposition.  Opposition at 4-5.

**B.      Standing to Sue**

Plaintiffs next argue that they have standing to sue based on the United States Court of Appeals for the Seventh Circuit's decision in *Fulani v. Hogsett*, 917 F.2d 1028 (7th Cir. 1991).  This argument lacks merit.

In *Fulani*, the Seventh Circuit concluded that plaintiffs – candidates for President and Vice President of the United States on behalf of the New Alliance Party in 1988 – had standing to bring an action under 42 U.S.C. § 1983 alleging that Indiana election officials violated their rights under the Equal Protection Clause when they allowed both the Democratic and Republican presidential candidates on the ballot after the Indiana Secretary of State failed to properly certify the Democratic and Republican candidates by a required deadline.  *See id.* at 1029.  Relying on the doctrine of "competitive standing," the court concluded that plaintiffs had standing because, with the addition of the Republican and Democratic candidates on the ballot, "New Alliance faced increased competition which no doubt required additional campaigning and outlays of funds."  *Id.* at 1030.  The court noted that "[w]ithout the Republicans and Democrats on the ballot, New Alliance would have gained additional press exposure and could have conceivably won the Indiana election, no small boon for a relatively obscure party that hoped to establish a national presence."  *Id.*

Unlike the plaintiffs in *Fulani* who appeared on the presidential ballot in all fifty states and could have conceivably won the Indiana election but for the presence of the Republican and Democratic candidates on the ballot, *see id.* at 1029, the presidential candidates in the present action (Edward Noonan, Thomas MacLeran, and Keith Judd) do not allege that they were on a single state's ballot in the general election, much less on the ballot in enough states in the general election to hope that they could gain the requisite 270 electoral votes to win the Presidency.  Although Edward Noonan alleges that he was the winner of the American Independent Party primary, an individual by the name of Thomas Hoefling was actually nominated as the American Independent Party's candidate for President, not Mr. Noonan.  *See* http://www.sos.ca.gov/elections/sov/2012-general/sov-complete.pdf at 7.  The Amended Complaint contains no allegations whatsoever regarding which political party Thomas Gregory MacLeran was affiliated with, and plaintiffs assert that he was an "official write in candidate" in their Opposition.  *See* Opposition at 6.  Although the Amended Complaint alleges that

1    Keith Judd received forty percent of the vote in the West Virginia Democratic Party Primary, Judd is

2    currently serving a prison sentence at the Federal Correctional Institution in Texarkana, Texas, and is

3    not scheduled for release until June 24, 2013.

4           Plaintiffs have failed to respond to defendants' point that any competitive interest that any of

5    the plaintiffs may have had was extinguished by the time the Amended Complaint was filed.  As the

6    Ninth Circuit explained in *Drake v. Obama*:

7            Once the 2008 election was over and the President sworn in, Keyes, Drake, and
             Lightfoot were no longer "candidates" for the 2008 general election.  Moreover, they
8            have not alleged any interest in running against President Obama in the future.
             Therefore, none of the plaintiffs could claim that they would be injured by the "potential
9            loss of an election."  *Owen*, 640 F.2d at 1132.  Plaintiffs' competitive interest in running
             against a qualified candidate had lapsed.  Similarly, Robinson's interest as an elector –
10           derived from the competitive interest of his preferred candidates – was extinguished by
             the time the complaint was filed.

11
     664 F.3d 774, 784 (9th Cir. 2011) (footnote omitted), *cert. denied* , 132 S. Ct. 2748 (2012).
12
     **C.    *Cleaver v. Jordan***
13
            Plaintiffs rely on *Cleaver v. Jordan* for the proposition that this Court can decide the legitimacy
14
     of a political candidate.  Opposition at 7.  Plaintiffs contend that, in *Cleaver*, former California
15
     Secretary of State Frank Jordan fulfilled his duty as Secretary of State by refusing to place Eldridge
16
     Cleaver's name on the ballot because he was not 35 years old (the minimum age to be a presidential
17
     candidate).  Opposition at 7.  Plaintiffs further contend that Cleaver's challenge to the Secretary of
18
     State's action was denied by the California Superior Court; the California Supreme Court ruled against
19
     Cleaver; and the United States Supreme Court denied Cleaver's petition for writ of certiorari.
20
     Opposition at 7-8.
21
            Plaintiffs have not provided a case citation for either the California Superior Court decision or
22
     the California Supreme Court decision.[3]  Although the undersigned has been able to locate the United
23

24
            [3]Plaintiffs' attorney's attempt to cite *Cleaver v. Jordan* to the California Court of Appeal in
25   *Keyes v. Bowen*, 117 Cal. Rptr. 3d 207 (Cal. Ct. App. 2010), was addressed by that court as follows:

26          The citation provided by plaintiffs [*Cleaver v. Jordan*, 393 U.S. 810 (1968)] merely
            reflects that the United State Supreme Court denied a petition for writ of certiorari; it
27          states nothing about the facts of the case.  As we explained earlier, appellants' arguments
            must be supported by authority, and we are not obligated to search for it.  Besides, the
28

                                           4

1   States Supreme Court's denial of the petition for writ of certiorari in *Cleaver v. Jordan*, it does not

2   contain any discussion of the facts of the case.  *See Cleaver v. Jordan*, 393 U.S. 810 (1968).  Assuming

3   for purposes of argument that plaintiffs have accurately summarized the decision, they have failed to

4   explain how it supports their contention that this Court has jurisdiction to determine the President's

5   eligibility for office.  The fact that a California Superior Court judge denied a candidate's challenge to

6   the California Secretary of State's refusal to place his name on the ballot says nothing about a Federal

7   District Court's authority to issue a declaration that a candidate is ineligible for office.

8   **D.      Declaratory Relief**

9          Plaintiffs concede that impeachment is the prerogative of Congress, but argue that this Court

10  nonetheless has the authority to issue a declaration that Barack Obama is not a natural born citizen.

11  Opposition at 9.  However, the cases cited by plaintiffs do not support this argument.  The fact that,

12  prior to his impeachment, a United States District Court Judge was convicted by a jury of two counts of

13  making false statements before a federal grand jury, *see United States v. Nixon*, 816 F.2d 1022 (5th Cir.

14  1987), does not provide any support for the notion that this Court has jurisdiction to issue a declaration

15  that Barack Obama is not eligible to be President.   Opposition at 10.  Similarly, the fact that the

16  Supreme Court ruled in *Clinton v. Jones*, 520 U.S. 681 (1997), that the doctrine of separation of powers

17  does not require federal courts to stay all private actions against the President until he leaves office,

18  does not support the notion that this Court has jurisdiction to issue a declaration that Barack Obama is

19  not eligible to be President.  Opposition at 10.  Finally, the fact that the Supreme Court ruled in *United*

20  *States v. Nixon*, 418 U.S. 683 (1974), that neither the doctrine of separation of powers nor the need for

21  confidentiality of high level communications, without more, can necessarily justify an absolute

22  unqualified presidential privilege of immunity from judicial process, does not provide any support for

23

24          fact that former Secretary of State Jordan excluded a candidate who indisputably did not
25          meet the eligibility requirements does not demonstrate that the Secretary of State has a
            clear and present ministerial duty to investigate and determine if candidates are qualified
26          before following the statutory mandate to place their names on the general election
27          ballot.

28  *Keyes*, 117 Cal. Rptr. 3d at 215.

FEDERAL DEFENDANTS' REPLY

1  plaintiffs' theory that this Court has jurisdiction to issue a declaration that Barack Obama is not eligible

2  to be President.

3  **E.      Senators James Shields, James Harlan, William Lorimer, and Albert Gallatin**

4          Plaintiffs contend that the elections of a number of United States Senators have been "voided"

5  by Congress due to lack of eligibility for office, including Senators James Schield[4], James Harlan,

6  William Lorimer, and Albert Gallatin.  Opposition at 14-16.  Plaintiffs do not provide any citations for

7  these cases, but summaries can be found in Exhibit A to this Reply (Anne M. Butler and Wendy

8  Wolff, United States Senate, Expulsion, Exclusion, and Censure Cases, 1793-1990, S. Doc. 103-33

9  (1995)).  Plaintiffs fail to explain why the fact that Congress can judge its members' elections supports

10  their argument that this Court can void a presidential election or issue a declaration that a President is

11  ineligible for office.  In fact, it is well established that where Congress exercises its authority under

12  Article 1, section 5 of the Constitution to judge the process by which its prospective members were

13  selected, its decisions are unreviewable. *See Barry v. United States ex rel. Cunningham*, 279 U.S. 597,

14  613 (1929) (stating that the Senate has "the power to judge of the elections, returns, and qualifications

15  of its own members"); *Roudebush v. Hartke*, 405 U.S. 15, 19 (1972) ("Which candidate is entitled to be

16  seated in the Senate is, to be sure, a nonjusticiable political question – a question that would not have

17  been the business of this Court even before the Senate acted").

18  **F.      *Newberry v. United States*, 256 U.S. 232 (1921)**

19          Plaintiffs cite *Newberry v. United States*, 256 U.S. 232 (1921), for the proposition that "it is not

20  the jurisdiction of the U.S. Congress to rule on the part of this case dealing with fraud committed by

21  Obama in the primary and the primary election challenged by Judd."  Opposition at 16.  In *Newberry*,

22  the Court held that the United States Constitution does not give Congress the authority to regulate

23  spending in party primaries or conventions for designating candidates.  The *Newberry* decision says

24  nothing that would limit Congress' authority to count electoral votes and make objections to electoral

25  votes.

26

27  _____

28          [4]Defendants believe that plaintiffs likely mean James Shields, not James Schield.

1    **G.     Plaintiffs' Action Is Moot**

2        In response to defendants' argument that this Court should dismiss this case because plaintiffs'

3    claims are moot, plaintiffs simply cite *Roe v. Wade*, 410 U.S. 113 (1973), and argue that this case is

4    "capable of repetition and evading review." Opposition at 18. This argument lacks merit.

5        Although an exception to the mootness doctrine exists for allegedly illegal government actions

6    that are capable of repetition, yet evading review, this exception cannot be applied to this case because

7    the actions challenged by plaintiffs cannot be repeated. President Obama has been elected to a second

8    term as President of the United States and the Twenty-Second Amendment prohibits persons from

9    being elected to the office of President more than twice. *See* U.S. Const. amend XXII, § 1.

10   **H.     5 U.S.C. § 3328**

11       Although plaintiffs allege that, under 5 U.S.C. § 3328, the President is not "eligible to work

12   anywhere in the executive branch, including the U.S. Presidency" based on his alleged forged selective

13   service application, *see* Opposition at 21, section 3328 provides simply that individuals who have not

14   registered for Selective Service are "ineligible for appointment to a position in an Executive agency."

15   5 U.S.C. § 3328(a)(2). The President has obviously not been "appointed" to a position in "an

16   Executive agency."

17                          **III. CONCLUSION**

18       For the foregoing reasons and for the reasons stated in federal defendants' motion to dismiss,

19   federal defendants respectfully ask the Court to dismiss plaintiffs' Amended Complaint without leave

20   to amend for lack of subject matter jurisdiction and/or for failure to state a claim.[5]

21

22       [5]Plaintiffs' recently-filed motion for reconsideration of Docket No. 92 (*see* Docket No. 93)
     makes no attempt to address the fact that, because this Court lacks subject matter jurisdiction over
23   plaintiffs' action, their request for entry of a default judgment against Barack Obama in his individual
     capacity is baseless. *See e.g., Schmidt v. Tacoma Police Dep't*, C09-5135RBL, 2011 WL 247322, at *1
24   (W.D. Wash. Jan. 25, 2011) ("Denial of a default judgment is appropriate when plaintiff has no
     meritorious claims against a defendant, *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001), and it is
25   beyond dispute that a default judgment may not be granted where the Court lacks subject matter
     jurisdiction over the plaintiff's cause of action."); Charles Alan Wright, Arthur R. Miller, *et al.*, 10A
26   Federal Practice and Procedure §§ 2682, 2695 (3d ed.) (noting that default judgment is not appropriate
     where subject matter jurisdiction is lacking). Moreover, although plaintiffs allege in their motion for
27   reconsideration that they attempted to serve the President at the White House, but that the process server
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

Date:   March 14, 2013

By        */s/ Edward A. Olsen*
          EDWARD A. OLSEN
          Assistant United States Attorney

---

25  was told by a secret service detail at the entrance that the President refuses service of process at his
26  residence, the attached affidavit by the process server (Docket No. 93-1)  fails to indicate: (1) what
    document the process server attempted to serve; (2) when service was attempted; and (3) whether the
27  process server distinguished between individual and official capacity service.  Plaintiffs also fail to
    describe what, if any, efforts were made to effect service in the alternative manners identified by the
28  Court in its previous Order. *See* Docket No. 92.

FEDERAL DEFENDANTS' REPLY

8