Dr. Orly Taitz ESQ

29839 Santa Margarita ste 100

Rancho Santa Margarita, CA 92688

Phone 949-683-5411 fax 949-766-7603

Orly.taitz@gmail.com

Counselor for the Plaintiffs

## US District Court

## For the Eastern District of California

James Grinols, Robert Odden, in their capacity  )Case #   12-cv-02997

as Presidential Electors                                             )

Edward C. Noonan, Thomas Gregory MacLeran, )

Keith Judd in their  capacity as                              )

candidates  for the U.S. President                          )

Orly Taitz in her capacity as candidate for office)

in the state of CA; Edward Noonan and Orly Taitz

in their capacity as registered voters in CA       )

v Electoral College, President of the Senate,    )

Governor of California, Secretary of State        )

of California, U.S. Congress ,                              )

aka Barack (Barry) Soetoro,                               )

aka Barack Hussein Soebarkah,                         )

Motion to recuse /disqualify the Department of Justice from representing the U.S. Congress         1

| | |
|---|---|
| aka alias Barack Hussein Obama, | ) |
| aka alias Barack A. Obama, | ) |
| aka alias Harrison (Harry) J. Bounel | ) |
| aka alias S. A. Dunham | ) |
| in his capacity | ) |
| as an individual and candidate for | ) |
| the U.S. President | ) |
| and John Does and Jane Does 1-300 | |

**NOTICE**

Notice of a hearing on motions listed below and attached ex-parte application seeking to shorten the time to hear the motions.

This is to inform all parties in this case that following motions will be heard in 28 days on April 18, 2013 at 2pm in front of Honorable Morrison England in the US District Court for the Eastern District of California.

Notice of Motion to recuse the Department of Justice/U.S. Attorneys' office from representing defendant U.S Congress in this case due to fraud and due to the fact that members of the U.S. Congress chose a different counsel to represent them, namely Office of the General Counsel of the U.S. House of Representatives

Notice of Motion to Recuse Department of Justice /U.S. Attorneys' office from representing defendant Electoral College

Notice of Motion to Recuse   Justice /U.S. Attorneys' office from representing defendant Barack Obama

Petition for shortening the time to hear 60 b motions for reconsideration of the Motion to correct the First Amended Complaint and Motion for reconsideration of the Denial of the Motion for Default Judgment and Stay hearing  of the Motion to Dismiss by the Defendants pending adjudication of aforementioned  motions for recusal of the Department of Justice and expedited hearing on the motion.

Plaintiffs will seek to recuse the Department of Justice as an attorney for Defendant U.S. Congress, as Department of Justice filed pleadings in this case on behalf of the U.S. Congress without notifying the U.S. Congress and without consent of members of the U.S. Congress. Members of the U.S. Congress chose a different counsel, General Counsel of the U.S. House of Representatives. Additionally, Department of Justice appeared herein as an attorney for the Electoral college. When confronted with a

sworn letter from a member of the electoral college, stating that the Department of Justice did not notify members of the electoral college and took a position diametrically opposite of what the members of the Electoral College wanted to do, Department of Justice admitted that it does not represent the electoral college. As such it needs to be recused as an attorney. Plaintiffs will also move to recuse the Department of Justice from representing defendant Obama, as he was sued as an individual and not as a federal employee. Additionally Plaintiffs will argue conflict of interest between different defendants and need to recuse the Department of Justice as an attorney for the Defendants. Plaintiffs will be seeking to strike the pleadings submitted by the Department of Justice as an attorney for the Defendants, specifically the Motion to Dismiss filed by the Department of Justice.   Plaintiffs will be seeking to shorten time in hearing this motion based on Rule 144 (FRCP 6). Affidavit of Counsel Taitz providing an explanation and justification for the Ex-Parte motion to Expedite is attached herein. Additionally Plaintiffs are seeking to expedite the hearing of the 60B Motion to Reconsider Denial of the Default Judgment against Defendant Obama and stay of the hearing of the Motion to Dismiss pending ruling , as well as 60 B Motion seeking to reconsider Plaintiffs' motion to correct the first amended complaint. Motions are based on the pleadings herein, oral argument and any and all pleadings and exhibits submitted in this case.

/s/ Orly Taitz

Counsel for Plaintiffs

**MOTION TO RECUSE THE DEPARTMENT OF JUSTICE/U.S. ATTORNEYS' OFFICE FROM REPRESENTING DEFENDANT U.S CONGRESS IN THIS CASE DUE TO FRAUD AND DUE TO THE FACT THAT MEMBERS OF THE U.S. CONGRESS CHOSE A DIFFERENT COUNSEL TO REPRESENT THEM, NAMELY OFFICE OF THE GENERAL COUNSEL OF THE U.S. HOUSE OF REPRESENTATIVES**

**MOTION TO RECUSE DEPARTMENT OF JUSTICE /U.S. ATTORNEYS' OFFICE FROM REPRESENTING DEFENDANT ELECTORAL COLLEGE**

**MOTION TO RECUSE   JUSTICE /U.S. ATTORNEYS' OFFICE FROM REPRESENTING DEFENDANT BARACK OBAMA**

**MOTION TO STRIKE THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FILED IN THIS CASE BY THE DEPARTMENT OF JUSTICE ON BEHALF OF THE US CONGRESS, US ELECTORAL COLLEGE, BARACK OBAMA AND JOSEPH BIDEN.**

**PETITION FOR SHORTENING THE TIME THE MOTIONS AT HAND, AS WELL AS 60 B MOTIONS FOR RECONSIDERATION OF THE MOTION TO CORRECT THE FIRST AMENDED COMPLAINT AND MOTION FOR RECONSIDERATION OF THE DENIAL OF THE MOTION FOR DEFAULT JUDGMENT**

**STAY HEARING  OF THE MOTION TO DISMISS BY THE DEFENDANTS PENDING ADJUDICATION OF MOTIONS AT HAND.**

**RULE 144 (Fed. R. Civ. P. 6)**

**EXTENDING AND SHORTENING**

**TIME**

**(a)     Extensions on Stipulation.**  Unless the filing date has been set by order of the Court, an initial stipulation extending time for no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation. All other extensions of time must be approved by the Court.  No open extensions of time by stipulation of the parties will be recognized.

**(b)     Contents of Application for Extension.**  All motions for extensions of time shall set forth the total period of extensions already obtained by the parties as to the particular matters for which the extension is sought.

**(c)     Initial Ex Parte Extension.**  The Court may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary.  Except for one such initial extension, ex parte applications for extension of time are not ordinarily granted.

**(d)     Time for Requesting Extensions.**  Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent.  Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor.

**(e)     Shortening Time.**  Applications to shorten time shall set forth by affidavit of counsel the circumstances claimed to justify the issuance of an order shortening time. Ex parte applications to shorten time will not be granted except upon affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for the issuance of such an order from other counsel or parties in the action.  Stipulations for the issuance of an order shortening time require the approval of the Judge or Magistrate Judge on whose calendar the matter is to be heard before such stipulations are given effect.   Any proposed order shortening time shall include blanks for the Court to designate a time and date for the hearing and for the filing of any response to the motion.

1. The case at hand is the most important matter of the National security, as Plaintiffs submitted to court sworn affidavits of the top law enforcement officers and experts and official records showing that Barack (Barry) Soebarkah, aka Barack (Barry) Soetoro, aka Harry J. Bounel, aka Barack Hussein (A) Obama committed fraud and submitted his Declaration of a Candidate for the U.S. President in the 2008 and 2012 primary and general elections based on fraud and use of forged and fraudulently obtained IDs.  Affidavits submitted with the complaint show Obama using a stolen Connecticut Social Security number xxx-xx-4425, which was issued to Harry J. Bounel, born in 1890, additionally Obama is using flagrantly forged Selective service Certificate and flagrantly forged Birth Certificate. Per FRCP 1003 "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate". Plaintiffs submitted 150 pages of affidavits that raised a genuine question of authenticity of Obama's IDs. The only way to authenticate the IDs, would be production of the originals. The State of Hawaii, Selective service and Social security Administration refused to authenticate Obama's IDs by refusing to provide any original documents to any court, any judge or any jury.
2. There is an unprecedented urgency in hearing this matter as this is the case of the Usurpation of the U.S. Presidency by use of forged and stolen IDs and High Treason by High ranking officials who are complicit in the cover up.

3. Plaintiffs are seeking to recuse the Department of Justice/U.S. Attorneys' office from representing the U.S. Congress, as members of the U.S. Congress chose a different counsel to represent them, namely General Counsel of the U.S. House of Representatives.
4. Assistant U.S Attorney Ed Olsen made an appearance in this case claiming to represent the U.S. Congress and filed an opposition to the TRO and sought to dismiss the case at hand on behalf of the U.S. Congress and as an attorney for the U.S. Congress.
5. I filed a petition with the U.S. Congress to adjudicate on the merits Barack Obama's use of forged IDs. 47,854 U.S. citizens signed this petition so far and thousands are signing every week. Exhibit 1
6. A number of U.S. citizens received a response from members of the U.S. congress, stating that U.S. Congress cannot adjudicate Obama's eligibility, that the plaintiffs need to file a legal action and it is for the court to decide, that due to separation of powers members of the U.S. Congress cannot adjudicate whether Obama's IDs are forged, it is up to the court to decide.
7. Plaintiffs' Counsel travelled to Washington DC and participated in CPAC conference. During the conference in presence of multiple members of the media she questioned several members of Congress, whether they knew that the Department of Justice/U.S Attorneys office appeared on behalf of the U.S. Congress before Judge England in California and on behalf of the U.S. Congress opposed an injunction seeking to stay the certification of the electoral votes for Obama pending adjudication by the court, as well as seeking to dismiss the case.
8. Members of the U.S. Congress did not know anything about this representation.
9. Taitz talked to Congressman Louie Gohmert of Texas. Pictures of the meeting were taken by the State Representative from New Hempshire Laurie Pettengil. Next to them there were reporters from the U.S. News and World Report, National Review, Australian TV and others, who can be subpoenaed to testify. In presence of the members of the media U.S. Representative Gohmert stated that he knew nothing about it, that the Department of Justice and U.S. attorneys office did not send anything to him and did not put him on notice. Taitz showed Congressman Gohmert Mr. Obama's tax returns that Mr. Obama posted on whitehouse.gov on April 15, 2010, when he did not flatten the PDF file, and it showed the full unredacted Social Security number xxx-xx-4425 (Plaintiffs are seeking the leave of court allowing to file the unredacted number under seal). Taitz provided Congressman Gohmert with E-Verify and SSNVS reports showing that Obama failed both E-verify and SSNVS and asked Gohmert, whether he ever authorized the US Department of Justice to seek dismissal of the case and oppose the injunction in spite of evidence of Obama using a stolen Social Security number. He stated that he never did so, that the Department of Justice did not put him on notice.
10. Later Taitz had a conversation with Congressman Steve King of Iowa and asked him the same question. Lieutenant Mike Zullo and talk show host Carl Gallups witnessed the conversation. Congressman King stated that If he were to get something from the Department of Justice, he would have remembered it and he does not remember receiving anything from the Department of Justice. Congressman King stated that he will forward the documents to his counsel and legislative aides for further review.

11. Taitz further talked to a number of other senators and congressmen, nobody recalled getting any information from the Department of Justice.
12. Taitz served some 30 members of Congress among them members of the Judiciary Committee and Oversight committee with subpoenas seeking to respond whether they knew that they were represented by the Department of Justice and whether they authorized the Department of Justice/U.S. Attorneys' office to seek dismissal of the case and seek an injunction in spite of all the evidence showing Obama not being a U.S. citizen, using a last name not legally his, being a citizen of Indonesia and using forged and fraudulently obtained IDs. Exhibit 2.
13. **Taitz received a response to the subpoenas from the office of the General Counsel of the House of representatives stating that the General Counsel of the House of Representatives is a counsel for the congressmen, who were subpoenaed. Exhibit 3**
14. Based on all of the above Department of Justice and U.S. Attorneys office defrauded this court and the U.S. Congress, Plaintiffs and the country as a whole, 315 million American citizens by appearing in this case on behalf of the U.S. Congress and opposing the injunction and seeking dismissal of the case, in spite of all the evidence of forgery and fraud in Obama's IDs, while going behind the back of the U.S. Congress and keeping the members of the U.S. Congress in the dark. In the case of the usurpation of the U.S. Presidency, the Department of Justice has hidden from the members of the Congress all of the evidence.
15. **As members of Congress did not know that they were represented by the U.S. Attorneys' office and never consented to seek an opposition to injunction of the electoral votes and never sought the Motion to dismiss the case, this court has a duty to recuse (disqualify) the Department of Justice/ U.S. Attorneys' office from representing the U.S. Congress and strike any and all pleadings file by the US Attorneys' office on behalf of the U.S. Congress.**
16. Similarly, Plaintiffs are seeking to recuse the Department of Justice from representing the US Electoral college. US Attorney's office made an appearance in this case on behalf of the electoral college.
17. Taitz received a letter from a Member of the electoral College Don Ascoli, who stated that the US Attorneys' office never advised him that he is being represented by the US Attorneys' office, he never consented to the filing by the U.S. Attorney Olsen and furthermore the position of the U.S. attorneys' office/Department of Justice is diametrically opposite to his position. Ascoli forwarded to Taitz a video clip, showing him and other members of the electoral college stating to the media on the day of the electoral college meeting that Obama's IDs are indeed questionable and need to be vetted. Exhibit 4
18. After I submitted this evidence to the court in my opposition to motion to dismiss, US Attorney Olsen in his reply admitted that the US Attorneys' office indeed is not representing the electoral college. Olsen filed his reply generically on behalf of the "Federal defendants" and he stated that "the presidential electors are not officers or agents of the federal government" so Olsen admitted that he does not represent Electoral college and as such U.S. attorneys' office needs to be recused (disqualified) from representing the electoral college and any and all pleadings on behalf of the electoral college need to be stricken from the record.

19. Defendant Obama was sued as a candidate for office, who committed fraud and used forged IDs as a candidate, in order to get into office by fraud. U.S. Attorneys office made an appearance on behalf of Barack Obama. Plaintiffs argued that Obama was sued as an individual, not a federal defendant and therefore the U.S. Attorneys' office has no right to represent him. No other candidate for office would ever dare to even request such representation and representation by the U.S. attorneys' office of Obama represents an embezzlement of the tax payer funds. This court actually argued that since Obama was sued an individual, he was supposed to be served at his residence and therefore this court has initially denied the motion for Default Judgment. Later Plaintiffs filed a 60 B motion for reconsideration of denial of the motion for default judgment, advising this court that Obama consented to being served through the US attorneys' office and refused to accept service of process at his residence. Plaintiffs attached sworn affidavits of two process servers who attested under the penalty of perjury that Obama refuses to accept service of process at his residence and demands to be served through the U.S. attorneys' office. As such, as Obama was sued as an individual, plaintiffs are demanding to recuse (disqualify) US Attorneys' office from representing Obama in this case and strike any and all pleadings on behalf of Obama submitted by the US Attorneys' office.
20. In reply to the opposition to motion to dismiss Federal Defendants posted the name of the President of the Senate as a defendant that they are representing, however they admitted that he was not sued in the amended complaint, as such the court should strike the motion to dismiss on behalf of the President of the senate as moot.
21. As such the motion to dismiss on behalf of the Federal Defendants should be dismissed in its' entirety, as one of the defendants, President of the Senate, was no longer listed as a defendant in the amended complaint, second, Barack Obama, was sued as an individual and not as a federal defendant, third Electoral College by the admission of the US attorneys' office is not a Federal Defendant and the last one, the US Congress, was never advised of the representation, was never consulted before the pleadings were sent, was intentionally kept in the dark, and is being represented by a different counsel, The general Counsel of the U.S. House of Representatives. As such the U.S. Attorneys' office has to be recused/ disqualified from the case immediately and the pleadings by the US Attorney's office should be stricken.
22. Additionally, the system of Justice in this country is based on the separation of powers and independence of the three branches of the U.S. government. This is even more important in the case at hand, where at issue is legitimacy of the individual occupying the position of the U.S. President. The Department of Justice is a part of the executive branch and is under control of this very individual occupying the position of the U.S. President. As such there is a motivation for the employees of the Department of Justice to shield Mr. Obama. Their actions showed that they are doing just that, shielding of Mr. Obama and keeping the U.S. Congress in the dark. Conflict of interest is an additional reason to recuse the Department of Justice as an attorney in this case and all the pleadings submitted by the Department of Justice should be stricken.

23. There is a good reason to hear this motion ex-parte as at issue is the U.S. National security and the fact that the defendants: members of the US Congress and members of the electoral college were not apprised by the Department of Justice of their actions.
24. Additionally there is a good reason to stay other proceedings in this case until the Motion to reconsider Default Judgment against Defendant Obama and Motion to Recuse the Department of Justice/U.S. Attorneys' office and strike the pleadings by the Department of Justice are heard by this court. This is justified as there is a high probability that if the members of Congress and the Electoral College are to be represented by a counsel, who is not controlled by Obama, who is not working for Obama, then the members of Congress would not want the case dismissed, they would want the case heard on the merits in order for the court to adjudicate, whether indeed Obama is using forged IDs, whether he indeed committed elections fraud, so they can proceed on the merits.
25. There is a good reason to expedite under Local rule 144 (FRCP 6) motion to reconsider the Default Judgment against the Defendant Obama (Document 93 herein). Originally Motion for Default Judgment was denied due to the fact that Obama was sued as an individual, for his actions as a candidate for office, but was not served at his home residence. Plaintiffs provided sworn affidavits from two servers of process who attested under the penalty of perjury that Obama refuses to be served at his residence and demands to be served through the Department of Justice. They also provided the order from Judge David O.Carter, US District Judge, who in a similar case Keyes et al v Obama ordered the Plaintiffs to serve Obama through the U.S. Attorneys office.   This  shows that Obama was properly served. This issue should be expedited under Rule 144(FRCP 6) as the U.S. Presidency at stake, this is a matter of National security and an Ex Parte application to expedite is warranted.
26. Similarly, there is a good reason to expedite under Local Rule 144 (FRCP6) Motion to reconsider the Denial of Motion to correct the First Amended Complaint. Plaintiffs filed the First Amended Complaint on 02.11.2013, document 69. Due to the limitation of the computer filing the complaint was divided into 2 parts. Part 1 was filed as a main document and part 2 was filed as the first Attachment. The document on the docket states Attachment "Part 2 to the Amended Complaint". Due to technical error part one of the complaint got attached accidently in the area of part 2 instead of part 2". The court responded that it imposed a 20 page limit. Plaintiffs argue that this is the most important case in this nation today. This case deals with the usurpation of the U.S. Presidency by an individual using forged IDs and a fraudulently obtained Social Security number. It is impossible to fit the First amended Complaint in 20 pages as the class action status is sought and the declaratory relief is extensive. As such this court is requested to act in Public Interest and in the interest of the U.S. National security and expedite the decision and allow additional 20 pages.
27. This court recently issued an order (Document 98) where it stated to the Plaintiffs that this court does not allow Ex-Parte motions and every time the counsel for the Plaintiffs has to address the court, she has to do it in the form of a noticed hearing with a 28 day notice. The order was demeaning and showed a double standard. This court allowed the defendants to file an ex-parte motion, which was filed by the Department of Justice. This court readily and expeditiously granted the ex-parte application. Moreover, just today, on 03.21.2013, this

court issued an order 100, where it allowed and ex-parte application and explained to some other counsel, that he needs to file a copy of the proposed order to ex-parte in word form with the chambers. Later there was an order 101, which stated that the order 100 should be disregarded. Order 101 was initialed by the supervising clerk, Mr. Donatti. When Taitz, attorney for the plaintiffs, called Mr. Donatti to ask him about order 100, he stated that it was an order issued in another case by this court and accidentally docketed in this case. This was really an insult added to injury, as it was a second order by this court allowing ex-parte motions to other parties and other attorneys, while this court stated to the Plaintiffs that this court does not allow to file ex-parte applications, that Plaintiffs have to always file a 28 day noticed motion, even though the plaintiffs attorney actually followed the requirements of the court and forwarded to the chambers the proposed orders as required. So why is this court allowing other parties ex-parte applications and forbidding to Plaintiffs? Plaintiffs and their attorney are respectfully demanding equal protection under the law. There has been a history of several courts showing bias against plaintiffs and attorneys who brought to court legitimate challenges against Obama. Obama is flagrantly committing fraud and using forged and stolen IDs. Judges know that there is no way for Obama to win on the merits, as he simply has no papers, so the courts simply dismissed all challenges on technicalities and in some cases attacked the plaintiffs and their attorneys in order to intimidate them and discourage them. Since this court allows ex-parte applications for other parties, the plaintiffs request 14th Amendment Equal Protection and unbiased approach towards them and their counsel.

Conclusion

Due to all of the above requested Motions and applications should be granted.

Respectfully submitted.

/s/ Orly Taitz

Counsel for Plaintiffs


**AFFIDAVIT OF COUNSEL ORLY TAITZ IN SUPPORT  FOR APPLICATION TO SHORTEN TIME**

1.Plaintiffs are seeking an  ex parte application to shorten time for following reasons.

2.The case at hand is the most important matter of the national security, as Plaintiffs submitted to court sworn affidavits of the top law enforcement officers and experts and official  records showing that Barack (Barry) Soebarkah, aka Barack (Barry) Soetoro, aka Harry J. Bounel, aka Barack Hussein (A) Obama committed fraud and submitted his Declaration of a Candidate for the U.S. President in the 2008 and 2012 primary and general elections based on fraud and use of forged and fraudulently obtained IDs.  Affidavits submitted with the complaint show Obama using a stolen

Connecticut Social Security number xxx-xx-4425, which was issued to Harry J. Bounel, born in 1890, additionally Obama is using flagrantly forged Selective service Certificate and flagrantly forged Birth Certificate. Per FRCP 1003 "A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate". Plaintiffs submitted 150 pages of affidavits that raised a genuine question of authenticity of Obama's IDs. The only way to authenticate the IDs, would be production of the originals. The State of Hawaii, Selective service and Social security Administration refused to authenticate Obama's IDs by refusing to provide any original documents to any court, any judge or any jury.

3.There is an unprecedented urgency in hearing this matter as this is the case of the Usurpation of the U.S. Presidency by use of forged and stolen IDs and High Treason by High ranking officials who are complicit in the cover up.

4.Plaintiffs are seeking to recuse the Department of Justice/U.S. Attorneys' office from representing the U.S. Congress, as members of the U.S. Congress chose a different counsel to represent them, namely General Counsel of the U.S. House of Representatives.

5.Assistant U.S Attorney Ed Olsen made an appearance in this case claiming to represent the U.S. Congress and filed an opposition to the TRO and sought to dismiss the case at hand on behalf of the U.S. Congress and as an attorney for the U.S. Congress.

6.I filed a petition with the U.S. Congress to adjudicate on the merits Barack Obama's use of forged IDs. 47,854 U.S. citizens signed this petition so far and thousands are signing every week. Exhibit 1

7.A number of U.S. citizens received a response from members of the U.S. congress, stating that U.S. Congress cannot adjudicate Obama's eligibility, that the plaintiffs need to file a legal action and it is for the court to decide, that due to separation of powers members of the U.S. Congress cannot adjudicate whether Obama's IDs are forged, it is up to the court to decide.

8.I travelled to Washington DC and participated in CPAC conference. During the conference in presence of multiple members of the media I questioned several members of Congress, whether they knew that the Department of Justice/U.S Attorneys office appeared on behalf of the U.S. Congress before Judge England in California and on behalf of the U.S. Congress opposed an injunction seeking to stay the certification of the electoral votes for Obama pending adjudication by the court, as well as seeking to dismiss the case.

9. Members of the U.S. congress did not know anything about this representation.
10. I talked to Congressman Louie Gohmert of Texas. Pictures of the meeting were talen by the state representative from New Hempshire Laurie Pettengil. Next to us there were reporters from the U.S. News and World Report, National Review, Australian TV and others, who can be subpoenaed to testify. In presence of the members of the media U.S. Representative Gohmert stated that he knew nothing about it, that the department of Justice and U.S. attorneys office

did not send anything to him and did not put him on notice. I showed Congressman Gohmert Mr. Obama's tax returns that Mr. Obama posted on whitehouse.gov on April 15, 2010, when he did not flatten the PDF file, and it showed the full unredacted Social Security number xxx-xx-4425 (Plaintiffs are seeking the leave of court allowing to file the unredacted number under seal). Taitz provided Congressman Gohmert with E-Verify and SSNVS reports showing that Obama failed both E-verify and SSNVS and asked Gohmert, whether he ever authorized the US Department of Justice to seek dismissal of the case and oppose the injunction in spite of evidence of Obama using a stolen Social Security number. He stated that he never did so, that the Department of Justice did not put him on notice.

11. Later I had a conversation with Congressman Steve King of Iowa and asked him the same question. Lieutenant Mike Zullo and talk show host Carl Gallups witnessed the conversation. Congressman King stated  that I he were to get something from the Department of Justice, he would have remembered it and he does not remember receiving anything from the department of Justice. Congressman King stated that he will forward the documents to his counsel and legislative aides for further review.

12. I further talked to a number of other senators and congressmen, nobody recalled getting any information from the Department of Justice.

13. I served some 30 members of Congress among them members of the Judiciary committee and oversight committee with subpoenas seeking to respond whether they knew that they were represented  by the Department of Justice and whether they authorized the Department of Justice/U.S. Attorneys' office to seek dismissal of the case and seek an injunction in spite of all the evidence showing Obama not being a U.S. citizen, using a last name not legally his, being a citizen of Indonesia and using forged and fraudulently obtained IDs. Exhibit 2.

14. I received a response to the subpoenas  from the office of the **General Counsel of the House of representatives stating that the General Counsel of the House of Representatives is a counsel for the congressmen, who were subpoenaed. Exhibit 3**

15. Based on all of the above Department of Justice and U.S. Attorneys office defrauded this court and the U.S. Congress, Plaintiffs and the country as a whole, 315 million American citizens by appearing in this case on behalf of the U.S. Congress and opposing the injunction and seeking dismissal of the case,  in spite of all the evidence of forgery and fraud in Obama's IDs, while going behind the back of the U.S. Congress and keeping the members of the U.S. Congress in the dark. In the case of the usurpation of the U.S. Presidency, the Department of Justice has hidden from the members of the Congress all of the evidence.

16. **As members of Congress did not know that they were represented by the U.S. Attorneys' office and never consented to seek an opposition to injunction of the electoral votes and never sought the motion to dismiss the case, this court has a duty to recuse (disqualify) the Department of Justice/ U.S. Attorneys' office from representing the U.S. Congress and strike any and all pleadings file by the US Attorneys' office on behalf of the U.S. Congress. Plaintiffs are seeking for this court to appoint a special counsel to represent the members of Congress in this case.**

17. Similarly, Plaintiffs are seeking to recuse the Department of Justice from representing the US Electoral college. US Attorney's office made an appearance in this case on behalf of the electoral college.
18. I received a letter from a Member of the electoral College Don Ascoli, who    stated that the US Attorneys' office never advised him that he is being represented by the US attorneys office, he never consented to the filing by the U.S. Attorney Olsen and furthermore the position of the U.S. attorneys' office/Department of Justice is diametrically opposite to his position. Ascoli forwarded to me a video clip, showing him and other members of the electoral college stating to the media on the day of the electoral college meeting that Obama's IDs are indeed questionable and need to be vetted. Exhibit 4
19.   After I submitted this evidence to the court in my opposition to motion to dismiss, US Attorney Olsen in his reply admitted that the US Attorneys' office indeed is not representing the electoral college. Olsen filed his reply generically on behalf of the "Federal defendants" and he stated that "the presidential electors are not officers or agents of the federal government" so Olsen admitted that he does not represent Electoral college and as such U.S. attorneys' office needs to be recused (disqualified) from representing the electoral college and any and all pleadings on behalf of the electoral college need to be stricken from the record.
20. Defendant Obama was sued as a  candidate for office, who committed fraud and used forged IDs as a candidate, in order to get into office by fraud. U.S. Attorneys office  made an appearance on behalf of Barack Obama. Plaintiffs argued that Obama was sued as an individual, not a federal defendant and therefore the U.S. Attorneys' office has no right to represent him. No other candidate for office would ever dare to even request such representation and representation by the U.S. attorneys' office of Obama represents an embezzlement of the tax payer funds. This court actually argued that since Obama was sued an individual, he was supposed to be served at his residence and therefore this court has initially denied the motion for Default Judgment. Later I filed a 60 B motion for reconsideration of denial of the motion for default judgment, advising this court that Obama consented to being served through the US attorneys' office and refused to accept service of process at his residence. I attached sworn affidavits of two process servers who attested under the penalty of perjury that Obama refuses to accept service of process at his residence and demands to be served through the U.S. attorneys' office. As such, as Obama was sued as an individual, plaintiffs are demanding to recuse (disqualify) US Attorneys' office  from representing Obama in this case and strike any and all pleadings on behalf of Obama submitted by the US Attorneys' office.
21. In reply to the opposition to motion to dismiss Federal Defendants posted the name of the President of the Senate as a defendant that they are representing, however they admitted that he was not sued in the amended complaint, as such the court should strike the motion to dismiss on behalf of the President of the senate as moot.
22. As such  the motion to dismiss on behalf of the Federal Defendants  should be dismissed in its' entirety, as one of the defendants, President of the Senate, was no longer listed as a defendant in the amended complaint, second, Barack Obama was sued as an individual and

not as a federal defendant, third Electoral College by the admission of the US attorneys' office is not a Federal Defendant and the last one, the US Congress, was never advised of the representation, was never consulted before the pleadings were sent, was intentionally kept in the dark, and is being represented by a different counsel, The general counsel of the U.S. House of Representatives. As such the U.S. Attorneys' office has to be recused/ disqualified from the case immediately and the pleadings by the US Attorney's office should be stricken.

23. Additionally, the system of Justice in this country is based on the separation of powers and independence of the three branches of the U.S. government. This is even more important in the case at hand, where at issue is legitimacy of the individual occupying the position of the U.S. President. The Department of Justice is a part of the executive branch and is under control of this very individual occupying the position of the U.S. President. As such there is a motivation for the employees of the Department of Justice to shield Mr. Obama. Their actions showed that they are doing just that, shielding of Mr. Obama and keeping the U.S. Congress in the dark. Conflict of interest is an additional reason to recuse the Department of Justice as an attorney in this case and all the pleadings submitted by the Department of Justice should be stricken.

24. I attest that there is a good reason to hear this motion ex-parte as at issue is the U.S. National security and the fact that the defendants: members of the US Congress and members of the electoral college were not apprised by the Department of Justice of their actions.

25. Additionally there is a good reason to stay other proceedings in this case until the Motion to reconsider Default Judgment against Defendant Obama and Motion to Recuse the Department of Justice/U.S. Attorneys' office and strike the pleadings by the Department of Justice are heard by this court. This is justified as there is a high probability that if the members of Congress and the Electoral College are to be represented by a counsel, who is not controlled by Obama, who is not working for Obama, then the members of Congress would not want the case dismissed, they would want the case heard on the merits in order for the court to adjudicate, whether indeed Obama is using forged IDs, whether he indeed committed elections fraud, so they can proceed on the merits.

26. There is a good reason to expedite under Local rule 144 (FRCP 6) motion to reconsider the Default Judgment against the Defendant Obama (Document 93 herein). Originally Motion for Default Judgment was denied due to the fact that Obama was sued as an individual, for his actions as a candidate for office, but was not served at his home residence. Plaintiffs provided sworn affidavits from two servers of process who attested under the penalty of perjury that Obama refuses to be served at his residence and demands to be served through the Department of Justice. They also provided the order from Judge David O.Carter, US District Judge, who in a similar case Keyes et al v Obama ordered the Plaintiffs to serve Obama through the U.S. Attorneys office.  This shows that Obama was properly served. This issue should be expedited under Rule 144(FRCP 6) as the U.S. Presidency at stake, this is a matter of National security and an Ex Parte application to expedite is warranted.

27. Similarly, there is a good reason to expedite under Local Rule 144 (FRCP6) Motion to reconsider the Denial of Motion to correct the First Amended Complaint. Plaintiffs filed the First Amended Complaint on 02.11.2013, document 69. Due to the limitation of the computer

    filing the complaint was divided into 2 parts. Part 1 was filed as a main document and part 2 was filed as the first Attachment. The document on the docket states Attachment "Part 2 to the Amended Complaint". Due to technical error part one of the complaint got attached accidently in the area of part 2 instead of part 2". The court responded that it imposed a 20 page limit. Plaintiffs argue that this is the most important case in this nation today. This case deals with the usurpation of the U.S. Presidency by an individual using forged IDs and a fraudulently obtained Social Security number. I, as counsel, attest that it is impossible to fit the First amended Complaint in 20 pages as the class action status is sought and the declaratory relief is extensive. As such this court is requested to act in Public Interest and in the interest of the U.S. National security and expedite the decision and allow additional 20 pages.

28. This court recently issued an ordered where it stated to the Plaintiffs that this court does not allow Ex-Parte motions and every time the counsel for the Plaintiffs has to address the court, she has to do it in the form of a noticed hearing with a 28 day notice. The order was written in a demeaning way and showed a double standard. This court allowed the defendants to file an ex-parte motion, which was filed by the department of Justice. This court readily and expeditiously granted the ex-parte application. Moreover, just today, on 03.21.2013, this court issued an order 100, where it allowed and ex-parte application and explained to some other counsel, that he needs to file a copy of the proposed order to ex-parte in word form with the chambers. Later there was an order 101, which stated that the order 100 should be disregarded. Order 101 was initialed by the supervising clerk, Mr. Donatti. When Taitz, attorney for the plaintiffs called Mr. Donatti to ask him about order 100, he stated that it was an order issued in another case by this court and accidentally docketed in this case. This was really an insult added to injury, as it was a second order by this case allowing ex-parte motions to other parties and other attorneys, while this court stated to the Plaintiffs that they are not allowed to file ex-parte applications, even though the plaintiffs attorney actually followed the requirements of the court and forwarded to the chambers the proposed orders as required. So why is this court allowing other parties ex-parte applications and forbidding to Plaintiffs? Plaintiffs and their attorney are respectfully demanding equal protection under the law. There has been a history of several courts showing bias against plaintiffs and attorneys who brought to court legitimate challenges against Obama. Obama is flagrantly committing fraud and using forged and stolen IDs. Judges know that there is no way for Obama to win on the merits, as he simply has no papers, so the courts simply dismissed all challenges on technicalities and in some cases attacked the plaintiffs and their attorneys in order to intimidate them and discourage them. Since this court allows ex-parte applications for other parties, the plaintiffs request 14th Amendment Equal Protection and unbiased approach towards them.

/s/ Orly Taitz

Counsel for Plaintiffs