UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRINOLS, et. al., | No. 12-cv-02997-MCE-DAD |
| Plaintiffs, | |
| v. | **ORDER** |
| ELECTORAL COLLEGE, et. al., | |
| Defendants. | |

On March 12, 2013, Plaintiffs filed a "60B Motion For Reconsideration of the Denial Of Motion For Default Judgment For Defendant Barack Obama." (ECF. No. 93.) Such a motion is governed not only by Federal Rule of Civil Procedure 60 but also by Eastern District of California Local Rule 230 ("Rule 230").

E.D. Cal. Local R. 230(j).

Rule 60(b) empowers the Court to relieve a party from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) judgment has been satisfied, released or discharged; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

///

///

Rule 230(j) states:

> Whenever any motion has been granted or denied…and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge. . . to whom such subsequent motion is made an affidavit or brief . . . setting forth the material facts and circumstances . . . including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Plaintiffs allege that to have newly discovered evidence that will justify reconsideration of this court's previous ruling denying default judgment (ECF No. 92) under Rule 60(b)(2).  Unfortunately, this so-called new evidence is not new.  Plaintiffs once again simply allege that President Obama is "refuses to accept service of process at his residence."  This is the same argument that has been rejected by this and other courts and one that Plaintiffs apparently enjoy re-hashing for some unknown reason.

In addition, plaintiffs are attempting to bring in the facts from an entirely different United States District Court case that has no precedential authority on this court.

Neither of the reasons set forth above come close to justifying a motion for reconsideration. Plaintiffs' Motion for Reconsideration is therefore DENIED.

IT IS SO ORDERED.

DATED: March 26, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE