Dr. Orly Taitz ESQ

29839 Santa Margarita, ste 100

Rancho Santa Margarita, CA 92688

Counsel for Plaintiffs

# IN THE US DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Grinols et. al.,          )

Plaintiffs         ) Case # 12-02997

V               ) Hon Morrison C. England Presiding

Electoral College et. al.,  )

Defendants        )

## OPPOSITION TO MOTION TO DISMISS

### Table of Authorities

*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978) ................p6

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)).................p6

*Finley v. United States*, 4928 U.S.C. § 13670 U.S. 545 (1989).....................p6

Southern Pacific Terminal Co v ICC, 219 U.S. 498, 515 (1911)...................p8

Headwaters, inc 893 F 2d at 1016.................................................p8

Roe v Wade 410 U.S. 113(1973).................................................p8

Barnett, Keyes et al v Obama 10-55084 9th Circuit Court of Appeals.............p9

Drake, Robinson v Obama 09-568279[th] circuit Court of Appeals.................p9

Hollander v McCain 566 F. Supp. 2d 63, 68 (D.N.H. 2008)..........................p9

*Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586-87 & n.4 (5th Cir. 2006)......p9

*Schulz v. Williams*, 44 F.3d48, 53 (2d Cir. 1994)...............................................p9

*Fulani v. Hogsett*,917 F.2d 1028, 1030 (7th Cir. 1990)...................................p10

*Owen v.Mulligan*,. 640F.2d 1130, 1132-33 (9th Cir. 1981).............................p12

Cleaver v Jordan Ca Supreme court minutes September 26, 1968 Case # 7838..p12


28 U.S.C. § 1367...............................................................................p5

Ca Elections code 5152................................................................p5

ARTICLE 2, Section 1, clause 5 U.S. Constitution.................................p5

NVRA...............................................................................................p6

5USC 3328.......................................................................................p15

Justice Stephen Breyer "Making our Democracy Work".........................p14

# TABLE OF CONTENTS

**I.**   **OPPOSITION AT HAND IS BEING FILED UNDER THE RESERVATION OF RIGHTS AND WHILE WAITING FOR A DECISION ON THE MOTION TO CORRECT THE FAC AND ON A MOTION FOR STAY WHILE THE APPEAL OF THE DENIAL OF THE DEFAULT JUDGMENT AGAINST THE DEFENDANT OBAMA IS BEING RULED UPON BY THE 9TH CIRCUIT..............p4**

**II.**   **THE CASE IS NOT MOOT AS TO THE STATE DEFENDANTS. THERE IS SUPPLEMENTAL AND ANCILLARY JURISDICTION TO HEAR CLAIMS UNDER STATE STATUTES.................P4**

**III.**   **THE ISSUE OF ONE AND A HALF MILLION INVALID VOTER REGISTRATIONS IS NOT MOOT AND IT IS AN ISSUE THAT IS CAPABLE OF REPETITION, YET EVADING REVIEW.......p6**

IV.   NINTH CIRCUIT RULED THAT THE CANDIDATES HAVE STANDING AND THE COURT HAS JURISDICTION TO ADJUDICATE THE CASE IF THE COMPLAINT IS FILED PRIOR TO CANDIDATE TAKING OFFICE. SINCE COMPLAINT AT HAND WAS FILED ON 12.12.2013, PRIOR TO INAUGURATION, THE COURT HAS JURISDICTION TO HEAR THE CASE OF A CANDIDATE IN PRESIDENTIAL ELECTION COMMITTING FRAUD AND USING FORGED AND STOLEN IDS ....................................................................p8

V.    CALIFORNIA PRECEDENT OF CLEAVER V JORDAN SHOWS ELIGIBILITY OF A PRESIDENTIAL CANDIDATE TO BE A JUSTICIABLE QUESTION, NOT A POLITICAL NONJUSTICIABLE QUESTION....................................p15

VI.   VI THIS COURT HAS JURISDICTION AND DUTY TO RULE ON THE CLAIM THAT OBAMA VIOLATED 5USC 3328 AND CANNOT WORK IN THE EXECUTIVE BRANCH OF THE U.S. GOVERNMENT.............................................................p16

VII.  CONCLUSION.............................................................p18

# I. OPPOSITION AT HAND IS BEING FILED UNDER THE RESERVATION OF RIGHTS AND WHILE WAITING FOR A DECISION ON THE MOTION TO CORRECT THE FAC AND ON A MOTION FOR STAY WHILE THE APPEAL OF THE DENIAL OF THE DEFAULT JUDGMENT IS BEING REVIEWED BY THE 9TH CIRCUIT.

1. State defendants filed an opposition to the first amended complaint. In their opposition defendants noted that the complaint did not have the last part, that it seemed to end in the middle of the sentence. Due to electronic filing limitation on megabytes of every document filed, the first amended complaint (FAC) had to be divided in two parts: part one to be filed as the main document and part two as an attachment. Accidentally part 1 was linked the second time in the first attachment instead of part two.

2. Plaintiffs filed an urgent petition to correct the First Amended complaint, attach part two and give the defendants reasonable time to respond.

3. The court responded that Judge England allows only 20 pages per document and will not allow a correction.

4. Plaintiffs filed a motion for reconsideration, which is still pending before this court. While one might expect a 20 pages limit on motions, it is highly unusual if not unprecedented for a court to limit the actual Complaint or First Amended Complaint to 20 pages, which might constitute infringement on Plaintiffs Fist Amendment right of redress of Grievances and 14th Amendment Due Process Rights and Equal Protection Rights . Plaintiffs argued that this is one of the most important cases in this country today or ever. Plaintiffs provided sworn expert testimony showing that sitting U.S. President committed fraud and used forged and stolen IDs to get into the White House. Plaintiffs argue that this is an error by this court and abuse of judicial discretion not to allow the Plaintiffs to file additional pages and file a corrected complaint as there is an unparallel, paramount public interest and interest of National security. There is no justifiable reason for this court not to allow the Plaintiffs not to file a few more pages in a case dealing with the usurpation of the U.S. Presidency. Motion for reconsideration of denial by this court to correct the First Amended Complaint is still in front of this court and was not ruled upon yet.

5. Main defendant in this case is Barry Soetoro, aka Barack Hussein Soebarkah, aka Harrison (Harry) J. Bounel, aka Barack Obama is sued as an individual, for fraud and use of forged IDs during his run for the U.S. President. Obama had a duty to respond within 21 days. He defaulted. Plaintiffs filed a motion for default judgment, which was denied by this court. Denial of the Default Judgment was appealed to the United States Ninth Circuit Court of Appeals and this court was asked to stay all further proceedings in this case pending decision by the 9th circuit on the appeal. There is no decision yet. Appellants' brief is due 07.10.2013. Plaintiffs sought a stay of further proceedings in this case pending the decision by the Ninth Circuit Court of Appeals in relation to the Default of the main Defendant Barack Obama. There is no decision on stay pending appeal. Plaintiffs are filing this opposition with reservation of rights to file another opposition at a later date, if and when there will be rulings on the motion to correct the FAC or to stay pending appeal.

## II THE CASE IS NOT MOOT AS TO THE STATE DEFENDANTS. THERE IS SUPPLEMENTAL AND ANCILLARY JURISDICTION TO HEAR CLAIMS UNDER STATE STATUTES

The main claim here is fraud in federal elections, which is within the Jurisdictions of the federal court. One of the main claims is that defendant Obama violated provisions of Article 2 Section 1 clause 5 of the U.S. Constitution and ran for the U.S. President claiming his eligibility and natural born status based on forged and stolen IDs. Additional claims include claims under California elections fraud, specifically Elections statute 2152. Plaintiffs provided evidence that employees of the Orange county registrar admitted to falsifying voter registrations and entering the birth date that was missing as well as employees of the Los Angeles county registrar admitted to falsifying records and entering the place of birth, when it was missing and writing U.S. or USA instead of required name of the state.

Supplemental jurisdiction is the authority of United States federal courts to hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently. 28 U.S.C. § 1367 is a codification of the Supreme Court's

rulings on ancillary jurisdiction (*Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978)) and pendent jurisdiction (*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)) and a superseding of the Court's treatment of pendent party jurisdiction (*Finley v. United States*, 490 U.S. 545 (1989))."all other claims that are so related . . . that they form part of the same case or controversy" (§ 1367(a)). The true test being that the new claim "arises from the same set of operative facts." Violations of both federal and state statutes happened in the same nucleus of fact, elections.

### III THE ISSUE OF ONE AND A HALF MILLION INVALID VOTER REGISTRATIONS IS NOT MOOT AND IT IS AN ISSUE THAT IS CAPABLE OF REPETITION, YET EVADING REVIEW

1. The case at hand provides evidence of one and a half million invalid voter registrations. Taitz is one of the plaintiffs in the First Amended complaint. She was a candidate for office in both 2010 and 2012 elections. She received over half a million votes in 2010 running for secretary of State of California and a hundred and twenty five thousand votes in 2012 running in 2012 for the U.S. Senate. Her standing is undeniable. Plaintiff Ed Noonan was a candidate for the U.S. President on California ballot in 2012 American independent party primary. Plaintiffs have shown that according to computer expert and Devry university graduate David Yun there one and a half million invalid voter registrations in only one out of eight categories which have to be verified for the voter registration to be valid according to the CA Elections Code 2152. Currently the state of California allows voter registration on line, where nobody checks any IDs of the voter. Instructions by the Secretary of State Bowen disallow poll workers to verify IDs. As such, not only complaint provides sufficient evidence showing elections in California to be invalid and Plaintiffs injured in invalid election, but there is high likelihood that the number of invalid voter registrations is much more than one and a half million, it can amount to several million if all eight categories are verified. Defense states that California statute should not be enforced because it is more stringent than NVRA, however this position is flawed. Often states have more stringent requirements than federal statutes. Just recently the state of Connecticut passed gun control statutes that are more stringent than federal statutes. The state of California is a border state and is flooded with illegal aliens. In Los Angeles

alone there are estimated four million illegal aliens. Minimum NVRA requirements do not prevent the state of California from following the state statutes which are aimed at preventing voter fraud. There is an overwhelming public interest in following state statutes. It is interesting that the registrars did not allow their employees to leave the questions of time and place of birth blank, they instructed their employees to fill them, so the registrars knew that they are supposed to follow the state law, but instead of sending the incomplete voter registrations to the prospective voters to complete them prior to registering the voters by the registrar, they simply violated state statute 2150 and registered incomplete or falsified/forged voter registrations. The Secretary of State and the Governor are complicit in covering it up and signing the Certificate of vote and Certificate of Ascertainment based on at least one and a half million invalid voter registrations in only one out of eight categories. It is Plaintiffs' informed belief is that upon completion of discovery there will be several million invalid voter registrations among 18 million registrations in California databases. Taitz and Noonan are civil rights leaders and community activists, who ran in several elections and plan to run again. The issue of invalid voter registrations is capable of repeating every two years during elections and it evaded review. As such it is not moot and this court has jurisdiction.

2. Additionally, other plaintiffs, who are presidential candidates and presidential candidates argue that California with 55 electoral votes greatly influenced the national presidential election. At issue is not only one and a half million invalid voter registrations, but also invalid candidate Barack Obama, who ran for the U.S. President while using forged and stolen (fraudulently obtained IDs)

3. As admitted by the state defendants, the Secretary of State and the Governor are the parties signing the certificate of Ascertainment and Certificate of Vote. If this court confirms the facts pled in the complaint, and issues Declaratory relief stating that Barack Obama indeed used a stolen Connecticut Social Security number xxx-xx-4425, then the Governor and the Secretary of state will be the recipients of the Writ of Mandamus and Declaratory order stating that the certificate of vote and the certificate of ascertainment are invalid, as the election was won based on fraud and forgery.

4. Similarly, currently Plaintiffs filed an appeal of this court's order denying the Default Judgment against Defendant Obama. If the Ninth Circuit reverses the ruling and finds that the Default Judgment was supposed to be issued, then

again, the state defendants will be recipients of the Declaratory relief and ultimately the Writ of Mandamus to find the Certificate of Ascertainment and Certificate of Vote invalid, void.

## IV. NINTH CIRCUIT RULED THAT THE CANDIDATES HAVE STANDING AND THE COURT HAS JURISDICTION TO ADJUDICATE THE CASE IF THE COMPLAINT IS FILED PRIOR TO CANDIDATE TAKING OFFICE. SINCE COMPLAINT AT HAND WAS FILED ON 12.12.2013, PRIOR TO INAUGURATION, THE COURT HAS JURISDICTION TO HEAR THE CASE OF A CANDIDATE IN PRESIDENTIAL ELECTION COMMITTING FRAUD AND USING FORGED AND STOLEN IDS

1. Defendants themselves admit that even if the election is over this case can be reviewed under the doctrine of "cases capable of repetition, yet evading review" Southern Pacific Terminal Co v ICC, 219 U.S. 498, 515 (1911), Headwaters, inc 893 F 2d at 1016. Defendants claim that this case does not fall in this category, as it cannot happen again. Plaintiffs disagree.

The doctrine of cases capable of repetition but evading review was introduced in the well known abortion rights case of Roe v Wade 410 U.S. 113(1973). Defense is saying that Obama was already elected for the second term and it is so to say a fete a compli , however this is akin to one saying that Jane Roe in Roe v Wade already had a baby and the issue is a fete a compli. In reality, this controversy is likely to arise again and not be adjudicated. Specifically, because of Obama running for office using forged and stolen IDs, now any criminal from anywhere in the world will run for office using forged and stolen IDs and

the U.S. citizens and candidates for office are completely deprived of their First Amendment right for redress of grievances.

2. Morever, in relation to Obama the U.S. Court of Appeals for the Ninth Circuit provided an opinion in a related case, which is controlling here and found that Presidential Candidates and Presidential electors have standing and the U.S. District Court has jurisdiction as long as the case is filed prior to the candidate taking office. Since the case at hand was filed on December 12, 2012, prior to Obama taking office as a result of the 2012 election, there is jurisdiction, the case is not moot and it is not a "non-justiciable political question". In a case 10-55084 joined with 09-56827 undersigned Counsel represented Presidential Candidate from the American Independent Party, former U.N. Ambassador Dr. Alan Keyes and Presidential electors. Ninth Circuit ruled that only if the complaint is filed after the election is over **and the candidate is sworn IN** the candidates are no longer candidates and there is no jurisdiction. Ninth Circuit wrote in its' ruling:

"The remaining plaintiffs were political candidates and a certified elector during the 2008 general election. Plaintiffs Alan Keyes and Wiley S. Drake were the Presidential and Vice Presidential candidates, respectively, of the American Independent Party on the California ballot in the 2008 Presidential Election. Plaintiff Gail Lightfoot, a member of California's Libertarian Party, was an official

write-in Vice Presidential candidate in California in 2008. Plaintiff Markham

Robinson was a certified California elector for, and Chairman of, the American

   Independent Party.

...If Obama entered the presidential race without meeting the requirements for the office,

they contend, the

candidates did not have a fair opportunity to obtain votes in their favor. Plaintiffs

further argue that Robinson, as an elector, also had an interest in a fair competition

between eligible candidates, including those for whom he had pledged to vote.

Plaintiffs cite a case from the District of New Hampshire, *Hollander v.*

*McCain*, for the proposition that "a candidate or his political party has standing to

challenge the inclusion of an allegedly ineligible rival on the ballot, on the theory

that doing so hurts the candidate's or party's own chances of prevailing in the

election." 566 F. Supp. 2d 63, 68 (D.N.H. 2008). This notion of "competitive

standing" has been recognized by several circuits. *See, e.g., Tex. Democratic Party*

*v. Benkiser*, 459 F.3d 582, 586-87 & n.4 (5th Cir. 2006) (political party has

standing because "threatened loss of [political] power is still a concrete and

particularized injury sufficient for standing purposes"); *Schulz v. Williams*, 44 F.3d

48, 53 (2d Cir. 1994) (political party representative has standing because his party

may "suffer a concrete, particularized, actual injury—competition on the ballot

from candidates that . . . were able to avoid complying with the Election Laws and

a resulting loss of votes") (internal quotation marks omitted); *Fulani v. Hogsett,*

917 F.2d 1028, 1030 (7th Cir. 1990) (third-party presidential candidate had standing because the allegedly improper placement of the major-party candidates on the ballot resulted in "increased competition" that required "additional campaigning and outlays of funds" and resulted in lost opportunities to obtain "press exposure" and win the election).

We, too, have upheld the notion of "competitive standing." In *Owen v. Mulligan*, we held that the "potential loss of an election" was an injury-in-fact sufficient to give a local candidate and Republican party officials standing. 640 F.2d 1130, 1132-33 (9th Cir. 1981). In that case, the candidate for local office sued the Postal Service for giving his rival a preferential mailing rate, in violation of its own regulations and of its representations to the court regarding procedures implemented in response to a previous injunction. *Id.* at 1132. The candidate and party officials sought "to prevent their opponent from gaining an unfair advantage in the election process through abuses of mail preferences which arguably promote his electoral prospects." *Id.* at 1133 (internal quotation marks and citations omitted). We rejected the Postal Service's argument that the potential loss of an election due to an unfair advantage for the opponent was an "injury [that was] too remote, speculative and unredressable to confer standing." *Id.* at 1132 (internal quotation marks omitted).[3]

Here, the District Court assumed, without deciding, that only those plaintiffs who were political candidates in 2008 could potentially satisfy the injury-in-fact requirement of standing because they had a competitive interest in running against

a qualified candidate. The District Court then turned to the redressability requirement of standing.

The District Court was mistaken in assuming, however, that the political candidates still had an interest in a fair competition at the time the complaint was filed. The original complaint was filed on January 20, 2009, at 3:26 p.m. Pacific Standard Time, after President Obama was officially sworn in as President. The Defendants argue that "competitive standing" does not apply in this case because Plaintiffs were not deprived of the ability to win. Drake and Lightfoot ran only in California, while Keyes's name appeared on the ballot in only three states: California, Colorado, and Florida. Defendants argue, and Plaintiffs do not contest, that none of the political candidate plaintiffs were in any position to win a majority of the 270 electoral votes required to win the election. We need not decide, however, on Defendants' success-based line-drawing to conclude that Plaintiffs no longer had competitive standing. First Amended Complaint was filed on July 14, 2009. Whichever complaint is considered, the 2008 general election was over when it was filed. Once the 2008 election was over and the President sworn in, Keyes, Drake, and Lightfoot were no longer "candidates" for the 2008 general election. Moreover, they have not alleged any interest in running against President Obama in the future. Therefore, none of the plaintiffs could claim that they would be injured by the "potential loss of an election." *Owen*, 640 F.2d at 1132. Plaintiffs' competitive interest in running against a qualified candidate had lapsed. Similarly, Robinson's interest as an

elector—derived from the competitive interest of his preferred candidates—was extinguished by the time the complaint was filed." Ninth Circuit Court of Appeals ruling in 10-55084 Barnett, Keyes et al v Obama joined with 09-56827 Drake v Obama.

## IV CALIFORNIA PRECEDENT OF CLEAVER V JORDAN SHOWS ELIGIBILITY OF A PRESIDENTIAL CANDIDATE TO BE A JUSTICIABLE QUESTION, NOT A POLITICAL NONJUSTICIABLE QUESTION

Cleaver v Jordan California Supreme court minutes September 26, 1968 Case # 7838 was not quoted in the Ninth Circuit ruling, however it represented yet another proof that presidential eligibility is justiciable not a political question. In 1968 Eldridge Cleaver ran for U.S. President. Secretary of state of California Frank Jordan was different from current Secretary of State in that he followed his oath of office to assure lawful elections and protect and defend the U.S. Constitution, including Article 2, Section 1, Clause 5. He found that Cleaver did not reach the age of 35 and is not eligible and removed him from the ballot. Cleaver appealed to the Superior Court of California. Superior court of California as well as the Supreme Court of California upheld the decision of the Secretary of State. Supreme Court of the United States refused to hear this case certiorari. Neither one of the aforementioned courts ruled this to be a

nonjusticiable question. Neither court ruled that it is only up to the U.S. Congress to decide.

Incidentally current California Secretary of State Bowen refused to place on the ballot one Roger Calero, candidate of the New Workers Party, as he did not satisfy citizenship requirement. Why did she remove Calero and did not remove Obama? Why the precedents of Fulani v Hogsett and Cleaver v Jordan were not followed by a number of judges when it came to Obama? Why the U.S. main stream media, which was vocal during Watergate, is so quiet and completely censored today, that not one single main stream outlet dares to speak about Obama's forged IDs and Obama's bogus Social Security number, and if they are allowed to talk, it is only to attack and defame civil rights leaders, who rise against the lawlessness of the Obama regime? What we have seen in the last few years is that several courts held Obama above the law and made up new theories and excuses to cover up Obama's forged IDs, theories which go against all precedents and seem to accommodate specifically Obama election. Recently Justice Breyer discussed on national TV his book "Making our democracy work", where he described his trip to the former Soviet Union, meeting with judges there and teaching them that the rule of law is actually possible, that it does not have to be telephone justice, which was practiced in the Soviet Union, when judges got calls from the Politbureau or from KGB and were told how to

rule. Soviet judges did not follow the law and the Constitution, but followed the marching orders from the ruling regime.

It is not clear, what several U.S. judges followed, when they came up with a new theory that legitimacy of a candidate or whether the candidate has valid papers or used forged papers, is a nonjusticiable question and is only up to the Congress to decide, even though it goes against the precedents.

However, all of the precedents quoted by the 9th circuit, as well as precedents of Eldridge Cleaver showed that the question of eligibility was always decided by judges. If article 2 section 1 of the U.S. Constitution requires one to be 35 and Cleaver was 34, the court issued a ruling finding Cleaver not to be eligible. If the U.S. Constitution requires one to be a natural born U.S. citizen and 150 pages of sworn affidavits of law enforcement and experts show that Obama is a citizen of Indonesia, born in Kenya, who defrauded the nation by using forged IDs and a stolen Social Security number, then it is within the jurisdiction of this court to issue a declaratory relief on whether he is eligible or not.

Even if this court believes that it cannot issue injunctive relief, it definitely can issue declaratory relief.

# VI. THIS COURT HAS JURISDICTION AND DUTY TO RULE ON THE CLAIM THAT OBAMA VIOLATED 5USC 3328 AND CANNOT WORK IN THE EXECUTIVE BRANCH OF THE U.S. GOVERNMENT.

According to 5USC 3328 any individual who was born after 1959 is required to register for Selective Service. Plaintiffs pled and provided as an exhibit a sworn affidavit from a top law enforcement official, Chief Investigator of the Special Investigations Unit Jeffrey Stephan Coffman (Ret), who attested that Obama's Selective service application is a forgery. Coffman's findings were confirmed by Maricopa county Sheriff Joseph Arpio and investigator Zullo. On this basis alone Obama cannot work in any position in the Executive Branch: not as a President in the White House and not as a janitor in the White House. There is nothing preventing this court from issuing a declaratory relief attesting to the fact that Obama cannot work anywhere in the executive branch.

## EQUAL PROTECTION CLAIM IS ROOTED IN THE DOCTRINE OF FAIR COMPETITION USED IN THE NINTH CIRCUIT ARGUMENT BROUGHT IN BARNETT, KEYES V OBAMA

Plaintiffs argue that they were denied 14th Equal Protection rights. Equal protection requires equal treatment and fundamental fairness.

While the plaintiffs, who are Presidential candidates, played by the rules and used valid IDs, they were forced to compete against a candidate who violated the Article 2

section 1 of the U.S. Constitution, who used forged IDs and a stolen Social Security number as a basis of his identity. Similarly, Presidential electors, who are plaintiffs here were denied their right to participate in the 2012 electoral college and were replace by electors who were representing a candidate with forged and stolen IDs. Clearly this does not represent "fundamental fairness". Use of invalid voter registrations also does not satisfy the requirement of fairness. When the registrars instructed their employees to falsify the voter registrations and enter data in incomplete registrations, this represented lack of fairness.

Use of NVRA cannot excuse violation of state elections code. Defendants state that "NVRA requires state elections officials to "conduct a general program that makes a reasonable effort to remove names of ineligible voters: by reason of death or change in residence… NVRA does not permit the removal of voters for failure to state the place of birth" (page 13 line 26-28 of the motion to dismiss). With this statement the defense admits that their defense has nothing to do with the complaint, its' irrelevant, as Plaintiffs did not sue for violations of NVRA. Plaintiffs sued using California Elections code 2150. At issue is not removal of a voter who was already verified, at issue is the fact that the elections officials registered individuals, who should not have been registered in the first place. There was a violation of the state statute, where ineligible individuals were registered, where the registrars were instructing their employees to fill in the blanks where information was missing. This clearly does not represent fundamental fairness.

# CONCLUSION

Based on the mandatory precedent ruling of the Ninth Circuit Court of Appeals, US District Court for the Eastern District of California has jurisdiction to adjudicate on the merits the case hand, which is the case of fraud and use of forged IDs during the presidential election, as well as fraud and use of invalid votes during the senatorial election. According to the mandatory precedent decision of the Ninth Circuit as long as the complaint was filed prior to candidate taking office, the court has jurisdiction. Since the complaint was filed on December 12, 2012, prior to Obama taking office on January 21, 2013, this court has Article three jurisdiction. This negates the claims of mootness and the claim of the case being a non justiciable question.

Another justiciable question, which is not moot and ripe for adjudication, is whether Obama is using a forged Selective service certificate and as such according to 5 USC3328 not eligible to work anywhere in the Executive branch, including the position of the U.S. President and Commander in Chief.

Violations of California Election code in relation to one and a half million invalid voter registrations can be heard under the supplemental jurisdiction.

All of the issues at hand are capable of repetition and evading judicial review.

Respectfully Submitted

/s/ Orly Taitz, ESQ

Counsel for Plaintiffs

04.03.2013

## CERTIFICATE OF SERVICE

**I, Lila Dubert, am not a party to this case, attest that attached pleadings were served on the Defendants on 04.03.2013**

**Lila Dubert**

**Distribution list**
**Edward A Olsen , Attorney for Federal Defendants**
United States Attorney's Office
501 I Street
Suite 10-100
Sacramento, CA 95814
916-554-2700
Fax: 916-554-2900
Email: edward.olsen@usdoj.gov

**George Michael Waters**
**Attorney for State Defendants**
Department Of Justice, Office Of The Attorney General
1300 I Street
Sacramento, CA 95814
916-323-8050
Fax: 916-324-8835
Email: george.waters@doj.ca.gov