UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GRINOLS, et. al., | No. 12-cv-02997-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| ELECTORAL COLLEGE, et. al., | |
| Defendants. | |

On March 13, 2013, Plaintiffs filed an Ex Parte Application to correct their Amended Complaint.  (ECF Nos. 69 and 94.)  Two days later, the Court denied Plaintiffs' request.  (ECF No. 96.)  On March 18, 2013, Plaintiffs filed an Ex Parte Motion for Reconsideration asking the Court to reconsider its decision denying Plaintiffs' request to submit more than the 20-page limit imposed by the Court.  (ECF No. 97.)

Both Federal Rule of Civil Procedure 60[1] and Eastern District Local Rule 230 ("Rule 230") govern Plaintiffs' Motion for Reconsideration.   Fed. R. Civ. P. 60(b); E.D. Cal. Local R. 230(j).

///

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

Rule 60(b) empowers the Court to relieve a party from an order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party (4) the judgment is void; (5) judgment has been satisfied, released or discharged; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Local Rule 230(j) states:

> Whenever any motion has been granted or denied…and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge. . . to whom such subsequent motion is made an affidavit or brief . . . setting forth the material facts and circumstances . . . including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Plaintiffs' Ex Parte Motion for Reconsideration did not set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." (ECF No. 97.) Plaintiffs argue that "there is no such order limiting the page numbers, neither in ECF 6, nor anywhere else in the docket." (Id.) Plaintiffs are wrong. Paragraph 8 of the Order Requesting Joint Status Report limits any briefs or papers to 20 pages and requires any party wishing to file lengthier documents to seek relief from the Court. (ECF No. 6.)

///
///
///
///

1 Because Plaintiffs have failed to describe a material new fact that warrants the Court's
2 reconsideration, Plaintiffs' Ex Parte Motion for Reconsideration is DENIED.  (ECF No.
3 97.)
4     IT IS SO ORDERED.
5 DATED: April 4, 2013

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE