KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General
GEORGE WATERS, State Bar No. 88295
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-8050
 Fax: (916) 324-8835
 E-mail: George.Waters@doj.ca.gov
*Attorneys for Defendants Edmund G. Brown Jr.,
Governor of California, and Debra Bowen,
Secretary of State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES GRINOLS, et al.,** | 12-CV-02997 |
| Plaintiff, | **STATE DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| **ELECTORAL COLLEGE, et al.,** | Date: April 22, 2013[1] |
| Defendant. | Time: 10:00 a.m. |
| | Dept: 7 |
| | Judge: The Honorable Morrison C. England, Jr. |
| | Action Filed: 12/13/2012 |

This Reply Memorandum is filed on behalf of California Governor Edmund G. Brown Jr. and California Secretary of State Debra Bowen (the "State Defendants") in support of their motion to dismiss.

---

[1] This motion previously was scheduled for hearing on April 18, 2013. Dkt. 78. The Court later rescheduled the hearing for April 22 at 10:00 a.m. Dkt. 117.

1

I.   **THIS CASE IS MOOT AS TO CLAIMS CONCERNING THE REELECTION OF BARACK OBAMA.**

State Defendants' opening memorandum showed that all claims concerning the election of Barack Obama are moot because plaintiffs waited until December 20, 2012, to file their motion for a temporary restraining order, and by that time California's Electoral College delegation had voted and the results (contained in two formal documents called the Certificate of Ascertainment and the Certificate of Vote) had been transmitted to the President of the United States Senate. Dkt 73, pp. 5-6, 8-10.  At that point, as far as California was concerned, the presidential election was over and this case was moot. *See Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978) (where the activities sought to be enjoined have already occurred, and courts cannot undo what has already been done, the action is moot); *Chafin v. Chafin*, ___ U.S. ___, 133 S.Ct. 1017, 1023 (2013) (case becomes moot when it is no longer possible for a court to grant effectual relief).[2]

Plaintiffs assert that this case is capable of repetition, yet evading review, and therefore not moot.  Dkt. 116 at pp. 6-13.  But this case is not capable of repetition.  The Twenty-Second Amendment prohibits persons from being elected to the office of President more than twice.  U.S. Const. amend. XXII, § 1.  Barack Obama cannot run for a third term, thus California will never again execute a Certificate of Ascertainment or a Certificate of Vote for Electoral College delegates pledged to Barack Obama.  The fact that plaintiffs may want to question the bona fides of other presidential candidates in future elections is irrelevant and unripe.  *See* Dkt. 116 at 8. The acts that plaintiffs challenge in the present action – the processing and transmission of election certificates concerning Barack Obama – cannot recur.

---

[2]  Plaintiffs rely on *Drake v. Obama*, 664 F.3d 774 (9th Cir. 2011) for the proposition that they have standing because they filed this action before President Obama's inauguration. *See* Dkt. 116 at 9-13.  But *Drake* is inapposite; it does not discuss or apply the doctrine of mootness. Mootness, unlike all other questions of standing, is *not* determined on the date of the filing of the complaint.  *See Wilbur v. Locke,* 423 F.3d 1101, 1107 (9th Cir. 2005), *abrogated in part on other grounds by Levin v. Commerce Energy, Inc.,* ___ U.S. ___, 130 S.Ct. 2323 (2010).  The mootness doctrine requires a dispute to remain alive throughout the course of litigation, to the moment of final appellate resolution.  *Chafin*, *supra*, 133 S.Ct. at 1023.

## II.   THIS CASE PRESENTS A NONJUSTICIABLE POLITICAL QUESTION

State Defendants' opening memorandum explained why this case presents a nonjusticiable political question. Dkt. 73 at pp. 12. Plaintiffs' sole response is that in *Cleaver v. Jordan* the California Supreme Court upheld the decision of the California Secretary of State to remove a presidential candidate from the ballot on the ground that the candidate was underage. Dkt. 116 at 13. But plaintiff provides no citation for *Cleaver v. Jordan* and apparently there is no opinion, reported or unreported, setting forth the facts of that case. Regardless of what happened in *Jordan*, any claim that the Secretary of State has a duty to determine the eligibility of presidential candidates is foreclosed by *Keyes v. Bowen*, 189 Cal.App.4th 647, 661 (2010), *cert. den*. ___ U.S. ___, 132 S.Ct. 99 (2011) (California Secretary of State has no duty to investigate and determine whether a presidential candidate is constitutionally eligible for office). As *Keyes* noted:

> [It would be a] truly absurd result . . . to require each state's election official to investigate and determine whether the proffered candidate met eligibility criteria of the United States Constitution, giving each the power to override a party's selection of a presidential candidate. . . . Any investigation of eligibility is best left to each party, which presumably will conduct the appropriate background check or risk that its nominee's election will be derailed by an objection in Congress, which is authorized to entertain and resolve the validity of objections following the submission of the electoral votes. (3 U.S.C. § 15.)

189 Cal.App.4th at 660.

## III.   PLAINTIFFS FAIL TO STATE AN EQUAL PROTECTION CLAIM FOR "INVALID" REGISTRATIONS.

The amended complaint adds a claim that more than one-and-one-half million voter registrations are "invalid" because they do not state the voter's place of birth, in violation of California Elections Code section 2150. Dkt. 69-1 at 15. But as set forth in State Defendants' opening memorandum, for the last 20 years the federal National Voter Registration Act ("NVRA") has required California and all other states to use a uniform mail voter registration form. Dkt. 73 at 12-13. The federal form does not ask for the state or country of a registrant's birth. Thus even accepting plaintiffs' allegations as true, the fact that many California voter registration cards do not state the voter's birthplace does not create a plausible claim that the registrations are "invalid." It simply shows that many voters have used the federal voter registration form.

Plaintiffs now assert that "Use of NVRA cannot excuse violation of state elections code." Dkt. 116 at p. 17. They are mistaken. The Supremacy Clause of the United States Constitution makes federal law the supreme law of the land, "any thing in the Constitution or laws of any state to the contrary notwithstanding." Art. VI, § 2. The Elections Clause of the United States Constitution gives Congress broad power over congressional elections, including presidential elections.[3] *Voting Rights Coalition v. Wilson*, 60 F.3d 1411, 1414 (9th. Cir. 1995) (NVRA, on its face, fits comfortably within the grasp of federal power granted by the Elections Clause). California, like every other state, must comply with the NVRA requirement of a uniform mail voter registration form.

**IV.   PLAINTIFFS DO NOT STATE A CLAIM UNDER 5 U.S.C. § 3328.**

Plaintiffs allege that President Obama's selective service registration is a forgery, and that he is therefore ineligible to serve as President under 5 U.S.C. § 3328. Dkt. 116 at 16. That statute states that anyone born after 1959, and who fails to register under the Selective Service Act, "shall be ineligible for an appointment to a position in an Executive agency." This allegation fails to state a claim for two reasons. First, the President was elected, he was not "appointed" to a position "in an Executive Agency." Second, the State Defendants have no warrant to enforce federal laws governing appointments to federal agencies.

---

[3] The Elections Clause (Article I, Section 4) states:

> The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators.

Reply Memo Re: Motion to Dismiss (12-CV-02997)

## V. CONCLUSION

For the reasons set forth above and set forth in State Defendants' opening memorandum on their motion to dismiss, the State Defendants' motion to dismiss should be granted without leave to amend.

Dated: April 15, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
PETER K. SOUTHWORTH
Supervising Deputy Attorney General

*/s/ George Waters*

GEORGE WATERS
Deputy Attorney General
*Attorneys for Defendants Edmund G. Brown Jr., Governor of California, and Debra Bowen, Secretary of State of California*

SA2012109089
11072701.doc

5